UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

# 04 - 10131 CIV-KING  MAGISTRATE JUDGE O'SULLIVAN

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA.

Defendants.

_____/

## NOTICE OF REMOVAL

The Defendant, RICHARD ROTH, Sheriff of Monroe County, Florida, through his

undersigned attorneys, pursuant to Title 28 U.S.C. §1441, hereby files this Notice of Removal of this

action from the Circuit Court of the Sixteenth Judicial Circuit, in and for Monroe County, Florida,

where the same is now pending as Case No. CAK 02-1407 to the United States District Court,

Southern District of Florida, and in support thereof would allege as follows:

1.     That on December 6, 2002, Plaintiff, PATRICIA KLEIN, f/k/a PATRICIA LAUFER,

filed the initial Complaint upon which this action is based.  The initial Complaint did not name

Sheriff Roth as a Defendant.  On November 22, 2004, Plaintiff filed the Amended Complaint which,

for the first time, named Sheriff Roth as a Defendant in this action.  Summons was issued and served

upon Sheriff Roth on December 3, 2004.

-1-



2.     That attached hereto as Composite Exhibit "A," and by reference made a part hereof, are copies of all filings as contained in this cause pending before the Circuit Court of the Sixteenth Judicial Circuit in and for Monroe County, Florida, as above-styled and numbered.

3.     That the said action in the Circuit Court in and for Monroe County, Florida is a civil action stating a claim which is removable, as it appears from the record attached hereto as Composite Exhibit "A". Specifically, in Count II of the Amended Complaint, Plaintiff brings a civil rights action against Sheriff Roth pursuant to 42 U.S.C. § 1983 for allegedly violating Plaintiff's Fourth and Fourteenth Amendment Rights. Furthermore, in Count II, Plaintiff seeks attorneys' fees pursuant to 42 U.S.C. § 1988.

4.     That the said claim for relief predicated upon Title 42 U.S.C. §1983 is a claim for which this Court has original jurisdiction pursuant to Title 28 U.S.C. §§1331 and 1343(a)(3) and this cause is therefore properly removable pursuant to Title 28 U.S.C. §1441.

5.     That the Complaint in the above state court action also contains state tort claims stemming from the same nucleus of operative fact which are alleged to constitute a violation of the Plaintiff's civil rights under the United States Constitution. The state tort claims are removable pursuant to Title 28 U.S.C. § 1441(c).

6.     Undersigned counsel for Defendant Roth has spoken to David Audlin, Esq., attorney for co-Defendant City of Key West, and he has authorized the undersigned to represent that he consents to the removal of this action. Furthermore, co-Defendant City of Key West has consented to removal in writing. Attached as Exhibit "B" is Defendant City of Key West's Consent to Removal.

-2-

7.      That the remaining Defendant, a John Doe city police officer, has not been served in this action.

WHEREFORE, the Defendant, RICHARD ROTH, Sheriff of Monroe County, Florida, respectfully requests that this matter be removed and that this Honorable Court grant such other further and additional relief as may otherwise be proper.

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed to: **GEORGE J. BLUTSTEIN, ESQ.,** 4700-B Sheridan Street, Hollywood, Florida 33021 and **DAVID AUDLIN, ESQ.,** 415 Eaton Street, Key West, Florida 33040, this 30 day of December, 2004.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendant ROTH
2455 East Sunrise Boulevard, Suite 1216
Fort Lauderdale, Florida 33304
Telephone (954) 462-3200
Telecopier (954) 462-3861

BY_____
        MICHAEL J. STEPHENSON
        Florida Bar No. 0002976

**IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
CIVIL DIVISION**

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,
      Plaintiff,

                                 CASE NO.: 2002-CA-1407-K
vs.                                JUDGE: HON. MARK H. JONES

CITY OF KEY WEST, a Florida municipal
Corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,
      Defendants.
_____/

**NOTICE OF FILING OF ORIGINAL DEPOSITION TRANSCRIPT
OF PLAINTIFF, PATRICIA KLEIN**

      PLEASE TAKE NOTICE, Defendant, City of Key West, through counsel undersigned

hereby gives notice of the filing of the original Deposition Transcript of Patricia Klein, taken on

Thursday, January 29, 2004 before Susan L. McTaggart, Court Reporter.

                          LAW OFFICE OF DAVID J. AUDLIN JR., P.A.
                          415 Eaton Street
                          Key West, FL 33040
                          Tel: (305)294-3002

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by
facsimile to George J. Blutstein, Esq., at 4700-B Sheridan Street, Hollywood, Florida 33021 and
Michael J. Stephenson, Esq., Purdy, Jolly & Giuffreda, P.A., 2455 East Sunrise Blvd., Suite
1216, Ft. Lauderdale, FL 33304, on this ____17____ day of December, 2004.

            By:         _____
                      DAVID J. AUDLIN, JR.,
                      Fla. Bar # 434132

Received by Monroe County Clerk's Office

Date 12/17/04 By KW

1

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT IN AND
FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a                           CASE NO.:    CAK 02-1407
PATRICIA LAUFER,                                JUDGE:       JONES

      Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA.

      Defendants.
_____/

## NOTICE OF TIME TO RESPOND TO COMPLAINT

The Defendant, RICHARD ROTH, Sheriff of Monroe County, Florida, through his

undersigned attorneys, pursuant to Florida Statute § 768.28(7), files this his Notice of Time to

Respond to Complaint and in support thereof states as follows:

That the Defendant Roth in the above-referenced matter was apparently served with process

on or about December 3, 2004. The Summons served upon the Defendant recites that written

defenses are due to be filed within 20 calendar days after service of the Summons. Florida Statutes

§ 768.28(7) provides that Defendant Roth has 30 days in which to plead to an action in which service

has been made upon him. Thus, Defendant Roth's written responses are not due until January

3, 2004.

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed to: **GEORGE J.**

**BLUTSTEIN, ESQ.,** 4700-B Sheridan Street, Hollywood, Florida 33021 and **DAVID AUDLIN,**

**ESQ.,** 415 Eaton Street, Key West, Florida 33040, this 15 day of December, 2004.

> PURDY, JOLLY & GIUFFREDA, P.A.
> Attorneys for Defendant ROTH
> 2455 East Sunrise Boulevard, Suite 1216
> Fort Lauderdale, Florida 33304
> Telephone (954) 462-3200
> Telecopier (954) 462-3861

BY _____
         MICHAEL J. STEPHENSON
         Florida Bar No. 0002976

IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT IN AND
FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a          CASE NO.:   CAK 02-1407
PATRICIA LAUFER,              JUDGE:      JONES

      Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA.

      Defendants.

_____/

### NOTICE OF APPEARANCE

**YOU ARE HEREBY NOTIFIED** that the undersigned attorneys do hereby enter their

appearance as attorneys of record for the Defendant SHERIFF RICHARD ROTH, in the above-

styled cause, and you are hereby requested to furnish the said attorneys with copies of all future

motions, orders, etc., in this cause.

     **I HEREBY CERTIFY** that a true copy of the foregoing was mailed to: **GEORGE J.
BLUTSTEIN, ESQ.,** 4700-B Sheridan Street, Hollywood, Florida 33021 and **DAVID AUDLIN,
ESQ.,** 415 Eaton Street, Key West, Florida 33040, this |5 day of December , 2004.

                       PURDY, JOLLY & GIUFFREDA, P.A.
                       Attorneys for Defendant ROTH
                       2455 East Sunrise Boulevard, Suite 1216
                       Fort Lauderdale, Florida 33304
                       Telephone (954) 462-3200
                       Telecopier (954) 462-3861

BY_____
          MICHAEL J. STEPHENSON
          Florida Bar No. 0002976

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.

_____/

## STIPULATION FOR CONTINUANCE

The undersigned, as counsel for the parties herein, agree to
the continuance of the within cause and for grounds would state as
follows:

1.   Additional co-counsel for the Defendant has entered into
the case and has not completed discovery.

2.   Mediation has never been scheduled.

3.   Discovery requests promulgated by the Plaintiff are
outstanding.

4.   The parties therefore do stipulate to the continuance of
this cause and ask that same be stricken from the trial calendar
for the period commencing January 12, 2004.

17/14

DATED: This ____ day of December, 2004.

_____
GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

_____
DAVID J. AUDLIN, JR., ESQ.
415 Eaton St.
Key West, FL 33040
(305) 294-3002
Florida Bar No. 434132

_____
S. BRANDON DIMANDO, ESQ.
605 B. Simmons St.
Key West, FL 33041
(305) 292-8110
Florida Bar No. 0159281

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,

      Defendants.

_____/

## MOTION FOR CONTINUANCE

The Plaintiff, by and through her undersigned attorney, moves to continue the within

cause and for grounds would state as follows:

1. Plaintiff has amended the Complaint pursuant to stipulation of the parties to add the

Sheriff of Monroe County and as a result, an additional period was required in which the added

Defendant, County of Monroe, was entitled to respond and/or act upon the claim, under Section

768.28 of the Florida Statutes.

2. The Sheriff has not as yet responded to the Amended Complaint.

3. Therefore, this cause is not at issue.

1

WHEREFORE, it is prayed that this court grant a continuance and strike this case from the January 10, 2005 docket.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 2nd day of December, 2004 to DAVID J. AUDLIN, JR., ESQ., 415 Eaton Street, Key West, FL 33040.

GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
Fl. Bar No. 007081
(954) 963-9205
Fax (954) 985-0941

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff,

                                DATE: *12-3-04*
                                TIME: *9:10 AM*
vs.                               BY: *P Scott*

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
Complaint or Petition in this action on Defendant:

SHERIFF, MONROE COUNTY
5525 College Road
Key West, FL

      Each Defendant is required to serve written defenses to the Complaint or Petition on
GEORGE J. BLUTSTEIN, Plaintiff's attorney, whose address is 4700-B Sheridan Street,
Hollywood, Florida 33021 within 20 days after service, and to file the original of the defenses
with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.
If a Defendant fails to do so, a default will be entered against that Defendant for the relief
demanded in the Complaint or Petition.

WITNESS my hand and the Seal of said court.

As Clerk of said Court

By: _____
As Deputy Clerk

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
Complaint or Petition in this action on Defendant:

MAYOR, MONROE COUNTY
or in his absence, on the Vice Mayor, or any member
of the Council or Commission
525 Angela St.
Key West, FL

      Each Defendant is required to serve written defenses to the Complaint or Petition on
GEORGE J. BLUTSTEIN, Plaintiff's attorney, whose address is 4700-B Sheridan Street,
Hollywood, Florida 33021 within 20 days after service, and to file the original of the defenses
with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.
If a Defendant fails to do so, a default will be entered against that Defendant for the relief
demanded in the Complaint or Petition.

WITNESS my hand and the Seal of said court.

As Clerk of said Court

By:_____

As Deputy Clerk

We Cannot Serve both City & County. Need Single Defendant.

6918. Jill Sorat

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

       Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

       YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
Complaint or Petition in this action on Defendant:

SHERIFF, MONROE COUNTY
5525 College Road
Key West, FL

       Each Defendant is required to serve written defenses to the Complaint or Petition on
GEORGE J. BLUTSTEIN, Plaintiff's attorney, whose address is 4700-B Sheridan Street,
Hollywood, Florida 33021 within 20 days after service, and to file the original of the defenses
with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.
If a Defendant fails to do so, a default will be entered against that Defendant for the relief
demanded in the Complaint or Petition.

WITNESS my hand and the Seal of said court.

As Clerk of said Court

By:_____

As Deputy Clerk

————— College Rd

Mark Willis; Att                    Personal

12 0304                    9 10 AM

7323 Chris Scott

X

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,
     Plaintiff,

vs.
                        CASE NO.: CA-K-02-1407

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
     Defendant(s).
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND MOTION TO STRIKE

DEFENDANT, CITY OF KEY WEST, by and through undersigned counsel,

hereby answers the complaint and enters its affirmative defenses thereto, as follows:

1.     Denied.

2.     Paragraph 2 states a principle of law that cannot be admitted or denied.

3.     Denied.

4.     Defendant is without knowledge and therefore denies the allegations of

         paragraph 4.

5.     Denied.

6.     Denied.

7.     Defendant is without knowledge and therefore denies the allegations of

         paragraph 7.

8.     Defendant is without knowledge and therefore denies the allegations of

         paragraph 8.

9.     Defendant is without knowledge and therefore denies the allegations of

         paragraph 9.

Received by Monroe County Clerk's Office

Date 11/29/04 By KW

10.     Defendant is without knowledge and therefore denies the allegations of

paragraph 10.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

## AFFIRMATIVE DEFENDSES

1.     The Plaintiff has failed to state a cause of action and/or a claim upon which relief

may be granted.

2.     This action is barred by the doctrine of sovereign immunity.

3.     This action is barred by Florida Statute § 768.28 in general and because the

claim letter is not directed to the proper party and is legally and factually insufficient.

4.      Plaintiff's own failure to use reasonable care was the cause of some of all of her alleged injuries and damages and any remedy must be therefore reduced or eliminated under the doctrine of comparative negligence.

5.      Unforeseeable actions of third parties not in the care, custody or control of the Defendant City of Key West intervened and superceded the Defendant's alleged negligence.

6.      The negligence of other unnamed third parties was the sole legal cause, or was a contributing cause, of Plaintiff's alleged damages and should be compared to the negligence, if any, of the City of Key West in determining the proportionate amount of damages owed by the City of Key West pursuant to the doctrine set for in <u>Fabre v. Marin,</u> 623 So.2d 1182(Fla. 1993).

## <u>MOTION TO STRIKE "DOE" DEFENDANT AND<br>CLAIM FOR PUNITIVE DAMAGES</u>

DEFENDANT, City of Key West moves to strike all references to a "John Doe" defendant, and the claim for punitive damages, and as grounds states as follows:

7.      This motion is made pursuant to Florida Rules of Civil Procedure 1.140(f).

8.      Under Florida law a "John Doe" defendant is not allowed. Parties have to be named, except as otherwise authorized by statue. No such exception is applicable to this case. *See* <u>Grantham v. Blout, Inc.,</u> 683 So.2d 538 (Fla. 2nd DCA, 1996); <u>Gilliam v. Smart,</u> 809 So.2d 905 (Fla. 1st DCA, 2002).

9.      Punitive damages are not allowed against the City, as set forth in Section 768.28 (5), Fla. Stat., and <u>City of Newport v. Fact Concerts, Inc.,</u> 453 U.S. 247(1981), and the City moves to strike all such claims from the Amended Complaint.

WHEREFORE, Defendant City of Key West respectfully requests that this Court dismiss the Complaint filed herein, award attorney's fees and costs in the defense of this action, and Order any further relief deemed just and proper.

### DEMAND FOR JURY TRIAL

THE DEFENDANT City of Key West demand trial by jury in this action.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile and/or US Mail to George J. Blutstein, Esq. Attorney for Plaintiff at 4700-B Sheridan Street, Hollywood, Florida 33021 on this ⅔7 day of November, 2004.

David J. Audlin, Jr.,
Fla. Bar No. 434132
415 Eaton Street
Key West, Florida 33040
(305) 294-3002
(305) 292-5585

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,
     Plaintiff,

vs.                                   CASE NO.: CA-K-02-1407

CITY OF KEY WEST, a Florida
Municipal Corporation, JOHN DOE,
Police Officer of the City of Key West, and
SHERIFF OF AND COUNTY OR MONROE,
STATE OF FLORIDA,
     Defendant(s).
_____/

## NOTICE OF UNAVAILABILITY

    **PLEASE TAKE NOTICE** that David J. Audlin, Jr., Attorney at Law, will be out of the office and unavailable from:

    **December 15, 2004 through and including January 3, 2005;**
    **March 16 – 21, 2005;**
    **August 15 – September 5, 2005.**

    Counsel respectfully requests that no hearings or depositions be scheduled during this time, and that no motions, notice to produce, interrogatories, or other pleadings be filed which require timely responses. The filing and serving of this notice shall constitute an application and request for continuance, extension of time and/or protective order as appropriately required for the above reasons.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile to George J. Blutstein, Esq., at 4700-B Sheridan Street, Hollywood, Florida 33021 on this _23_ day of November, 2004.

                               By: _____

                                  DAVID J. AUDLIN, JR., P.A.
                                  415 Eaton Street
                                  Key West, Florida 33040
                                  (305) 294-3002
                                  (305) 292-5585

Received by Monroe County Clerk's Office
Date 11/24/04 By KW

1123

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,

      Defendants.

_____/

## AMENDED COMPLAINT

The Plaintiff, complaining of the Defendants, alleges as follows:

1. This is an action for damages against the City of Key West and a police officer of said

City, and Richard D. Roth, Sheriff of Monroe County, Florida, for acts occurring during the

course of and scope of their employment as police officers for said City and County, for

committing acts under color of law, which deprived the Plaintiff of rights secured under the

Constitution, laws of the United States and State of Florida.  It is alleged that the Defendant

police officer, John Doe, whose name is at present unknown, unlawfully caused the arrest and

detention of the Plaintiff, in violation of her Constitutional rights, and that said Defendant police

officer used excessive and unreasonable force during the arrest, and that the Defendant, City of

1

Key West, is liable for common law battery/excessive force and false arrest/false imprisonment.

2. This is an action brought under 42 USC Sec. 1983 and Sec. 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The Plaintiff has fully complied with all conditions precedent to this action, particularly those mandated by provisions of 768.28 of the Florida Statutes, a copy of Plaintiff's Notice of Claim attached hereto as Plaintiff's Exhibit "A".

4. On/or about January 6, 2001, the Plaintiff was residing in the City of Key West, County of Monroe, State of Florida.

5. On that date and in that place, the Plaintiff removed all or substantially all of her clothing and within five (5) minutes thereof, the unknown police officer of the City of Key West appeared, placing her in the back seat of his cruiser without handcuffs.

6. The Plaintiff was then transported to the old jail, whereupon this police officer yanked her from behind, threw her to the ground, breaking her nose and doing damage to some newly capped teeth, in addition to the Plaintiff sustaining bumps, bruises, scrapes and contusions.

7. Thereafter, Plaintiff was taken to the Monroe County Jail, put into a cell, not permitted a phone call, and placed in restraints for hours on end.

8. Upon the Plaintiff requesting permission to relieve herself, said permission was denied by the correction officers employed by the Sheriff of Monroe County, Florida, acting within the scope of their employment.

9. At no time was the Plaintiff booked or charged with a criminal offense, although she was clearly kept under restraints, arrested, and not permitted to leave the premises of the County Jail.

10. At/or about 1:30 a.m. the following day, she was released, without having been charged or booked, and was compelled to walk home three (3) miles.

11. By reason of the acts of the Key West police officer and the Office of the Sheriff of Monroe County, Florida, Plaintiff suffered injury to her head, body and limbs, some of which are continuing and of a permanent nature.

## COUNT I

12. The Defendant, Key West police officer and the City of Key West, caused the Plaintiff physical injury and arrest and detention in the absence of probable cause.

13. The conduct of said Defendant towards the Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the 4th and 14th Amendments and 42USC Sec. 1983.

14. As a direct and proximate result of the acts described, Plaintiff has suffered grievous injury and suffered great humiliation, mental suffering and damaged her reputation.

15. In addition, she has suffered physical pain, disability, mental anguish, and loss of enjoyment of life, all in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff demands Judgment for compensatory damages in excess of $15,000.00 punitive damages, reasonable attorney's fees pursuant to 42USC 1988 and a trial by jury as to all issues so triable.

## COUNT II

16. The Defendant, RICHARD ROTH, Sheriff of Monroe County, caused the Plaintiff physical injury and arrest and detention in the absence of probable cause.

17. The conduct of said Defendant towards the Plaintiff was objectively unreasonable

3

and violated Plaintiff's clearly established rights under the 4th and 14th Amendments and 42USC Sec. 1983.

18. As a direct and proximate result of the acts described, Plaintiff has suffered grievous injury and suffered great humiliation, mental suffering and damaged her reputation.

19. In addition, she has suffered physical pain, disability, mental anguish, and loss of enjoyment of life, all in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff demands Judgment for compensatory damages in excess of $15,000.00 punitive damages, reasonable attorney's fees pursuant to 42USC 1988 and a trial by jury as to all issues so triable.

## COUNT III

20. During the course of Plaintiff's arrest, the Defendant, KEY WEST officer, intentionally, unnecessarily and without legal justification, continued to beat and damage the Plaintiff's body and limbs.

21. The force used by said Defendant was unreasonable and unnecessary.

22. As a result of the conduct of said officer, Plaintiff's body was injured and she was forced to obtain medical care and treatment.

23. The battery/excessive force used by this Defendant against the Plaintiff occurred during the course and scope of his employment as a police officer for the City of Key West.

WHEREFORE, Plaintiff prays for Judgment for compensatory damages in excess of $15,000.00 and trial by jury of all issues so triable.

## COUNT IV

24. During the course of Plaintiff's arrest, the Defendant, RICHARD ROTH, Sheriff of

4

Monroe County, Florida, intentionally, unnecessarily and without legal justification, continued to beat and damage the Plaintiff's body and limbs.

25. The force used by said Defendant was unreasonable and unnecessary.

26. As a result of the conduct of said officer, Plaintiff's body was injured and she was forced to obtain medical care and treatment.

27. The battery/excessive force used by this Defendant against the Plaintiff occurred during the course and scope of his employment as a corrections officer for the County of Monroe, employed by RICHARD ROTH, Sheriff of Monroe County, Florida..

WHEREFORE, Plaintiff prays for Judgment for compensatory damages in excess of $15,000.00 and trial by jury of all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 18th day of November, 2004 to DAVID J. AUDLIN, JR., ESQ., 415 Eaton Street, Key West, FL 33040.

GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
Fl. Bar No. 007081
(954) 963-9205
Fax (954) 985-0941

5

# GEORGE J. BLUTSTEIN
**Attorney at Law**
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941


February 23, 2004


Board of County Commissioners
Monroe County
525 Angela St.
Key West, FL 33040

### NOTICE OF CLAIM PURSUANT TO S.S. 768.28

Re:  Claimant:    Patricia Klein, f/k/a Patricia Laufer
     Date of Loss: January 6, 2001

To Whom It May Concern:

Please be advised that I represent Patricia Klein, f/k/a Patricia Laufer, and do hereby serve notice of claim pursuant to the requirements of S.S. 768.28 of the Florida Statutes.

Patricia Klein, f/k/a Patricia Laufer, was born on December 3, 1953 and at the present time, resides in the County of Broward, State of Florida.  Ms. Klein has no prior adjudicated unpaid claims in excess of Two Hundred ($200.00) Dollars owed to the State, or any of its agencies, officers or subdivisions.

**Statement of Claim**

Patricia Klein is 50 years old and resides at the present time in Hallandale, Broward County, Florida.  At the time of the incident herein, the Claimant was residing in the City of Key West, Florida.  At that time and at that place, Ms. Klein removed some or all of her clothes and within five (5) minutes, a police officer of the City of Key West appeared and put her in the back seat without handcuffs.  At no time were any rights read to her, although she was clearly under arrest at that point.  She then proceeded to put her clothes on and was taken to the old jail, whereupon she was yanked from behind by the police officer and thrown to the ground. Her nose was broken, some newly capped teeth were broken and bumps, bruises and scrapes were easily apparent.  Thereafter, she was taken to the Monroe County Jail, shoved inside her cell, was not permitted a phone call, and proceeded to be put into restraints for hours.

Board of County Commissioners
Monroe County
February 23, 2004
Page 2


Upon being asked to relieve herself in the bathroom, the officers responded "piss on yourself."

At 1:30 a.m., Ms. Klein was released, was never charged or booked, and was to walk home three (3) miles.

The arrest and detention of this claimant was unlawful and in violation of her clearly established Constitutional rights. Claimant's courses of action include, but are not limited to, civil rights and state tort claims for false arrest, false imprisonment, malicious prosecution, and excessive use of force by both officers under 52USC Section 1983.  Claimant's damages are in excess of $50,000.00.

Very truly yours,

GEORGE J. BLUTSTEIN

GJB/mb
cc:  Richard D. Roth
     Sheriff, Monroe County
     5525 College Rd.
     Key West, FL 33040

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,
    Plaintiff,

vs.                            CASE NO.: CA-K-02-1407

CITY OF KEY WEST, a Florida
Municipal Corporation, JOHN DOE,
Police Officer of the City of Key West, and
SHERIFF OF AND COUNTY OF MONROE,
STATE OF FLORIDA,
    Defendant(s).
_____/

### NOTICE OF CONFLICT

The City of Key West, by and through undersigned counsel, files this Notice of Conflict to inform the Court that the following case in which the undersigned is lead trial counsel, has been specially set for trial during the trial period January 10, 2005 through January 28, 2005:

**Duck Tours Seafari, Inc., et al., v. City of Key West et al.,**
**Case No.: 95-941-CA-18**
**Honorable William R. Ptomey, Acting Circuit Judge**

It is counsel's understanding that the prior trial setting of the Klein case by Judge Payne's office will be revisited by this Court. Accordingly, counsel would respectfully ask the Klein case not be set in conflict with the special setting of the Ducks case, which is pending before Judge Ptomey.

Respectfully submitted,

LAW OFFICE OF DAVID J. AUDLIN JR.
415 Eaton Street
Key West, FL 33040
Tel. (305) 294-3002
Fax (305) 292-5585

Received by Monroe County Clerk's Office
Date 9/30/04

aba.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of this Notice of Conflict was provided Regular U. S. Mail and/or Facsimile to George J. Blutstein, Esq., 4700-B Sheridan Street Hollywood, Florida 33201, this 29 day of September, 2004.

By: _____

David J. Audlin, Jr.
Counsel for Defendant, City of Key West
Fla. Bar No. 434132

Received by Monroe County Clerk's Office

Date _____

By _____

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,
    Plaintiff,

vs.                              CASE NO.: CA-K-02-1407

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
    Defendant(s).
_____/

## CITY OF KEY WEST'S RESPONSE TO PLAINTIFF'S
## SECOND REQUEST TO PRODUCE

THE CITY OF KEY WEST, through counsel undersigned, hereby responses to the

Plaintiff's second request to produce as follows:

1.    No such document exists.

2.    The computer assisted dispatch log for the date in question reflecting the incident

in question is attached hereto.

3.    Policies and procedures of the Key West Police Department will be made

available for inspection and copying at a time and place mutually agreeable to counsel.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by
Facsimile and/or U.S. Mail to George J. Blutstein, Esq., 4700-B Sheridan Street Hollywood,
Florida 33201, this ___ day of August, 2004.

David J. Audlin, Jr.,
Attorney for Defendant, City of Key West
Fla. Bar No. 434132
415 Eaton Street
Key West, Florida 33040
Tel : (305)294-3002
Fax : (305)292-5585

Received by Monroe County Clerk's Office

Date 8-23-04

```
06/02/2003  11:52   3002320293                              PAGE  01
```

```
6/02/03                        HTE   CAD                    PAGE    1
12:28:19                  CAD CALL INFORMATION              010070158
```

```
Call Number: 010070158     Call Type.: 079 S79 INDECENT EXP/LEWD LA Police
Entry Day/Tm: 1/07/01 16:39:48        079 S79 INDECENT EXP/LEWD LA Police

CmnN:                        Agency.........: 001 KEY WEST
Location...:     111    WHITEHEAD              ST   Apt: INTERSECTN
   City......: KEYWEST      Block#:     100   Loc ID: I Mapr: 1012XX1XO
Intersectn.: FRONT                       GREENE

Caller Name: Last:              First:            Mid:  See Caller:
  Address...:                                     Apt:
  City/State:                Phone#:                    Source:

Call Taker.:    2376 BOGOEFF        JAMES         QPADEV0010
Dispatcher.:    2364 TOLLESON       KRISTY        QPADEV0007
```

```
                    N A R R A T I V E

  wf naked in the st                              16:39:48

    sm 060606                                     16:49:09
    em same as beginning                          16:51:44
    sm same as ending                             16:51:53
    em 060611                                     17:04:48
    for call#: 158   offense.# = 01000295  from dept#: 01  unit:  20:31:09
    ALSO TOOK INTO PROPERTY A KNIFE                20:31:26
```

```
*NONE               Unit Status History Information

  1/07/01 16:47:03  18 ROUTE CALL TIME       RT |
```

```
2P69                Unit Status History Information

    1/07/01 16:40:08   4 DISPATCHED          D  |
    1/07/01 16:40:08   6 AT SCENE            97 |    2360 DELOACH     ERNES
    1/07/01 16:40:08  11 DESIGNATED PRIMARY U P  |
    1/07/01 16:45:37  40 IN STATION / OFFICE IS |
    1/07/01 16:51:56  44 ENROUTE TO JAIL     EJ |
    1/07/01 17:04:51  45 AT JAIL             AJ |
    1/07/01 17:33:22  20 AVAILABLE           AV |
```

```
2P72                Unit Status History Information

    1/07/01 16:45:45   4 DISPATCHED          D  |
    1/07/01 16:45:45   8 AT SCENE            97 |    2029 TORRENCE    STEVE
    1/07/01 16:51:59  20 AVAILABLE           AV |
```

6/02/03                              HTE    CAD                    PAGE    2
12:28:19                        CAD CALL INFORMATION               010070158

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## D I S P O S I T I O N S

```
1   001   NO REPORT —                  Case#  1 - 00-000000 Unit: 2P72
2   010   MARCHMANS ACT —              Case#  1 - 00-000000 Unit: 2P69
3   004   OCA ASSIGNED (CHK F14) —property   Case#  1 - 01-000295 Unit: 2P69
```

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

    Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West, & SHERIFF OF
and COUNTY OF MONROE, STATE OF FLORIDA

    Defendants.

_____/

AUG 0 4 2004

## SECOND REQUEST TO PRODUCE

The Plaintiff, through her undersigned attorney, hereby requests the Defendants to produce the following items, pursuant to Rule 1.350, Florida Rules of Civil Procedure, within thirty (30) days from the date hereof:

1. The Officer's own file relating to this incident.

2. 911 Log for the date in question, to wit: January 6, 2001.

3. Any documents relating to the procedures for complaints against the Police Department of the City of Key West, Florida.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this    day of August, 2004 to S. BRANDON DIMANDO, ESQ., Assistant City Attorney, 605-B Simmons St., Key West, FL

1

33041 and DAVID J. AUDLIN, JR., ESQ., 415 Eaton St., Key West, FL

33040.

GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/                              CASE NO.: CA-K-02-1407
PATRICIA LAUFER,
     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
     Defendant(s).
_____/

### NOTICE OF UNAVAILABILITY

**PLEASE TAKE NOTICE** that David J. Audlin, Jr., Attorney at Law, Counsel for the Defendant, City of Key West, et al., will be out of the office and unavailable from **August 20 through and including September 10, 2004.**

Counsel respectfully requests that no hearings or depositions be scheduled during this time, and that no motions, notice to produce, interrogatories, or other pleadings be filed which require timely responses. The filing and serving of this notice shall constitute an application and request for continuance, extension of time and/or protective order as appropriately required for the above reasons.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile and/or US Mail to George J. Blutstein, Esq. Attorney for Plaintiff at 4700-B Sheridan Street, Hollywood, Florida 33021 on this _14_ day of June, 2004.

David J. Audlin, Jr.,
Fla. Bar No. 434132
415 Eaton Street
Key West, Florida 33040
(305) 294-3002
(305) 292-5585

Received by Monroe County Clerk's Office
Date _6/14/04_

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.

_____/

## STIPULATION FOR CONTINUANCE

The undersigned, as counsel for the parties herein, agree to the continuance of the within cause and for grounds would state as follows:

1.  Pursuant to a Stipulation entered into by the parties on December 4, 2003, this cause was continued from the trial period commencing January 12, 2004 to the trial period commencing May 10, 2004.

2.  On January 29, 2004, the deposition of the Plaintiff herein was taken by the Defendant and at that time, it was discovered that an additional party should be added as Defendant, to wit: County of Monroe, by its Sheriff.

3.  By Stipulation, the parties hereto agreed to add the Sheriff of Monroe County as a Defendant, and notice was sent under 768.28 of the Florida Statutes; that under said Statute, the party

1

so noticed shall have six (6) months within which to settle or otherwise dispose of the claim.

4.   Until the six (6) month period expires, from the date of the return of the certified mail, February 25, 2004, said Sheriff cannot properly be added to these proceedings.

5.   Therefore, the parties agree that this matter be continued so as to comply with 768.28 of the Florida Statutes.  The six (6) month period shall expire on August 25, 2004, and thereafter, it will be necessary for said Defendant to prepare its defense, hence a continuance should properly be until the beginning of 2005.

DATED:   This 18 day of March, 2004.

_____
GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

DAVID J. AUDLIN, JR., ESQ.
415 Eaton St.
Key West, FL 33040
(305) 294-3002
Florida Bar No. 434132

2

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West, & SHERIFF OF
and COUNTY OF MONROE, STATE OF FLORIDA

     Defendant.

_____/

### ORDER ON STIPULATION FOR CONTINUANCE

THIS CAUSE having come on before me on Stipulation for Continuance and the court being fully advised in the premises, it is thereupon,

ORDERED, that the within cause is stricken from the trial calendar commencing May 10, 2004 and reset for the trial calendar commencing *TBA*.

DONE AND ORDERED in Chambers at Key West, Monroe County, Florida this 24th day of *March*, 2004.

Richard G. Payne
_____
CIRCUIT JUDGE

Copies to:
GEORGE J. BLUTSTEIN, ESQ.
DAVID J. AUDLIN, JR., ESQ.

1

)                    · ·   ·                    )

## IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA, IN AND FOR MONROE COUNTY

**PATRICIA KLEIN, f/k/a**
**PATRICIA LAUFER,**

      **Plaintiff(s),**

**vs.**                           **Case No.: 2002-CA-1407-K**

**CITY OF KEY WEST, a Florida**
**Municipal corporation, & JOHN**
**DOE, Police Officer of the**
**City of Key West, & SHERIFF OF**
**AND COUNTY OF MONROE, STATE**
**OF FLORIDA,**

      **Defendants**

_____/

## ORDER RE-SETTING JURY TRIAL
## AND DIRECTING PRE-TRIAL PROCEDURE

It appearing that this case is at issue and can be set for trial, it is ORDERED as follows:

A.   **TRIAL DATE.**

This case is set for jury trial during the two (2) week period commencing **January 10, 2005, at 9:00 a.m.**, in Courtroom A, Courthouse Annex, 502 Whitehead Street, Key West, Florida.  The first day of the trial period is hereinafter referred to as the "trial date".

B.    **PRE-TRIAL CONFERENCE DATE**

**Docket sounding** (calendar call) will be held in **Judge's Chambers, Room 402, Courthouse Annex, 502 Whitehead Street, Key West, Florida, on December 14, 2004, at 1:30 p.m.  Appearance at docket sounding by counsel and all unrepresented parties is mandatory.  Failure to attend docket sounding may result in the dismissal of this action, the entry of a default or other appropriate sanctions.  NO MOTIONS WILL BE HEARD AT DOCKET SOUNDING, EXCEPT MOTIONS IN LIMINE.**

C.    **FAMILIARITY WITH THIS ORDER.**  Counsel and all unrepresented parties shall read this Order and the attached Uniform Pretrial Procedures in Civil Actions, be familiar with its contents and comply with the requirements of both.  Material non-compliance with this Order or the Uniform Pretrial Procedures in Civil Actions by counsel or any party will subject the offending counsel or parties to appropriate sanctions which may include; but are not limited to, contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate,

**BY ORDER OF THE COURT**, each party and all counsel shall comply with the following Uniform Pretrial Procedures in Civil Actions:

1.    **REFERRAL TO MEDIAITON; DEADLINE.**

(a)    Unless this matter has been previously mediated or is excluded from mediation by Fla.R.Civ.P. 1.710(b), this case is hereby referred to mediation in accordance with Fla.R.Civ.P. 1.700, et seq. Plaintiff's counsel (or Defendant's counsel, if Plaintiff is unrepresented), shall submit a mutually agreeable mediation order to the Court at least seventy-five (75) days prior to docket sounding. If the parties are unable to agree on a mediator and a place and time for mediation, counsel shall promptly notify the Court.

(b)    **Mediation shall be completed and the mediation report filed with the Court prior to docket sounding. The requirement to mediate this case cannot be waived by agreement of the parties.**

2.    **WITNESS LISTS.**

(a)    **EXPERT WITNESSES.** No less than seventy-five (75) days before docket sounding, each party seeking affirmative relief will file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party is good faith expects to call as a witness at trial. No later than sixty (60) days before docket sounding, each party not seeking affirmative relief shall file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party in good faith expects to call as a witness at trial. For each expert witness listed, the noticing party shall designate his/her area of expertise (i.e. "accident reconstruction", "economist", "treating orthopedic physician" etc.).

(b)    **NON-EXPERT WITNESSES.** No less than sixty (60) days prior to docket sounding, each party will file with the Court and serve on all other parties a notice containing the names and addresses of each non-expert witness whom the noticing party in good faith expects to call as a witness at trial.

(c)    A party may amend or supplement his/her witness list without leave of court at any time until the deadline for the filing of witness lists set forth in paragraphs 2(a) and (b) above. If a witness list is amended or supplemented, it shall be restated in full.

(d)    Absent good cause, no witness shall be permitted to testify unless the party calling that witness has complied with this Order.

(e)    All expert witnesses must be ready to testify and be reasonably available for deposition no less than thirty (30) days before docket sounding.

(f)    The Court may, on its own motion or on the motion of any party, limit the number of experts or other witnesses permitted to testify at trial.

3.    **DISCOVERY.**

(a)     Except as otherwise provided herein or agreed to by the parties in writing, discovery shall remain open until ten (10) days prior to the trial date.

(b)     No interrogatories, requests to produce or requests for admissions shall be served later than forty-five (45) days prior to the trial date. Exceptions shall be permitted only by written stipulation of the parties or by Court order.

4.     **CONTINUANCES.** Motions for continuance must be in writing and specifically set forth:  (a) the reason for the requested continuance; (b) if any party objects to the requested continuance and; (c) when it is anticipated the case will be ready for trial.  The rule requires that the party (not just the attorney) requesting the continuance should sign the motion or stipulation. Fla. R. Jud. Admin. 2.085(c). If the requested continuance is based on the unavailability of a witness, the court must be advised of when it is believed the witness will be available. The inability to require the attendance of a witness at trial shall not be the basis for continuance of the trial unless a witness subpoena was issued and served on the witness (or was attempted to be served on the witness) at least ten (10) days prior to the trial date.

5.     **PRETRIAL MOTIONS.**

(a)     **DEADLINES FOR MOTIONS.** Motions filed within thirty (30) days of the trial date will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least (thirty (30) days prior to the trial date. Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline. The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

(b)     **MOTIONS GENERALLY.** The failure of a party to call up for hearing any timely filed motion at least ten (10) days prior to the trial date may constitute a waiver thereof unless the grounds therefore did not exist or the party was not aware of the grounds for the motion(s) prior to the filing of such motion(s) after the exercise of reasonable diligence.

(c)     **CERTIFICATE OF GOOD FAITH.** Before any motion is filed, the moving party shall contact the opposing party and attempt, in good faith, to amicably resolve the issues raised by the motion(s). Each motion shall contain a certificate of the movant's attorney if represented (or the moving party if unrepresented) certifying his/her compliance with this requirement. This provision does not apply to motions for summary judgment or other case dispositive motions.

(d)     *FRYE* **TEST HEARINGS.** Any challenge to the admissibility of evidence at trial asserted to be 'novel scientific evidence" in accordance with the principals set forth in *Frye v. United States*, 293 Fed. 1013 (D.C. Cir. 1923), must be raised by a motion in limine filed at least thirty (30) days prior to the trial date. See, *Hadden v. State*, 690 so.2d 573 (Fla. 1997); *Ramirez v. State*, 651 So.2d 1164 (Fla. 1995); *Flanagan v. State*, 625 So.2d 827 (Fla. 1993). Failure to meet either deadline without just cause shall be deemed a waiver.

6.      **COURT REPORTER.** The parties shall coordinate the scheduling of a court reporter if a reporter is desired.

7.      **SETTLEMENT.** If this case is settled or is dismissed prior to the trial date, the parties shall promptly notify the court by telephone and confirm the settlement or dismissal in writing. **A notice of voluntary dismissal or joint motion to dismiss shall be submitted to the court within thirty (30) days after the Court is first advised of the settlement.**

8.      **PRETRIAL MEETING OF ATTORNEYS AND UNREPRESENTED PARTIES.**

(a)      **MANDATORY PRETRIAL MEETING.** No later than ten (10) days prior to docket sounding (or ten (10) days prior to the pretrial conference, if one is scheduled), trial counsel and all unrepresented parties shall meet together. Attendance at his meeting (in person or by telephone) is mandatory. Plaintiff's attorney (or if Plaintiff is unrepresented, Defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting. If the parties are unable to agree, counsel shall promptly notify the court in writing and the court will then set the time, date and place for the meeting.

At the pretrial meeting, the attorneys and unrepresented parties shall:

(1)      Discuss and attempt to settle the case

(2)      Produce, examine and initial every evidentiary exhibit intended to be offered at trial; agree on those which can be admitted as joint exhibits, those which ca be admitted without objection, and identify those to which objections will be made and the grounds for each objection, and note this on a separate copy of each party's exhibit list. Objections not reserved or grounds not noted on the annotated exhibit lists will be deemed waived at trial. The annotated copies of the exhibit lists will be attached to and made a part of the joint pretrial statement required by paragraph 8(b) of this Order. **Any listed exhibit not objected to will be admitted into evidence.**

(3)      Review the witness lists and note on a separate copy, which witnesses and depositions the parties in good faith anticipate will actually be used at trial. The annotated copies of the witness lists will be attached to the joint pretrial statement required by paragraph 8(b) of this Order.

(4)      Discuss and stipulate as to those facts which do not require proof at trial.

(5)      Discuss, clarify and frame all factual issues to be tried.

(6)      Identify all significant issues of law, procedure or evidence to be decided by the Court prior to or during trial.

(7)      Agree upon and draft a concise but complete statement of the case to be read by the Court to the jury at the beginning of the case, if a jury trial.

(8)      Attempt to agree upon the number of peremptory challenges, if a jury trial.

(9)     Discuss and attempt to agree upon any other matters which will lead to a more orderly trial (e.g., copies in lieu of originals, witnesses out of turn, how depositions will be presented, the treatment of collateral source set-offs, the need to call records custodians, etc.)

(b)     **JOINT PRETRIAL STATEMENT.**  Following the meeting required by paragraph 8(a), Plaintiff's attorney (or Defendant's attorney, if Plaintiff is unrepresented) shall prepare and present to opposing counsel and all unrepresented parties a proposed joint pretrial statement.  The statement shall be signed by all attorneys and unrepresented parties.  The original shall be filed with the Clerk and one copy shall be mailed or delivered to the Judge no later than docket sounding; provided, however, that if the Court schedules a pretrial conference, the joint pretrial statement shall be provided to the court at or before the pretrial conference.  To the extent the parties differ as to how portions of the pretrial statement should read, the differing views should be set forth in the statement.

The pretrial statement shall contain the following items in the following format:

**\*\* NOTE: Counsel may not simply reference witnesses or exhibits previously filed, but must list same as though never listed previously.**

(1)     A statement of the case to be read to the jury, if a jury trial.

(2)     A statement of facts, which are admitted, and which of those admitted facts may be read in evidence at trial as a stipulation of the parties.

(3)     A list of issues raised by the pleadings that are abandoned.

(4)     A list of the issues of fact to be tried (framed as they would be set forth in an interrogatory verdict).

(5)     A list of significant issues of law, procedure or evidence to be determined by the court prior to or during trial.

(6)     An itemized list of special damages that each party claiming special damages expects to prove.

(7)     The annotated copy of each party's list of exhibits showing objections required by paragraph 8(a)(2) of this Order.

(8)     The annotated copy of each party's witness list required by paragraph 8(a)(3) of this Order.

(9)     The number of peremptory challenges agreed upon or requested, if no agreement is reached, if a jury trial.

(10)    A current estimate of the number of days required for trial and the time requested for opening statements.

(11)   Any other agreed matters.

9.   **JURY INSTRUCTIONS.** If this case is scheduled for a jury trial, no later than the beginning of trial, each party shall submit to the court an original and one copy of that party's proposed jury instructions and verdict form. Each jury instruction shall be on a separate page; shall contain citations of supporting authorities, if any; shall designate the party submitting the instruction; and shall be numbered in sequence. Counsel shall confer prior to trial and attempt to agree ton the jury instructions and verdict form. This paragraph shall not foreclose the right of each party to modify proposed instructions up to and including the charge conference at the close of evidence.

10.   **INCONSISTENCY WITH CASE MANAGEMENT ORDER.** If any provision of this order is inconsistent with any case management order entered in this case, the case management order will govern.

11.   **MARKING EXHIBITS BEFORE TRIAL.** Each party shall, at a reasonable time prior to trial, meet with the Judge's Court Clerk and assist the Clerk in marking all exhibits for identification in the manner directed by the Clerk.

12.   **EXTENSION OF TIME LIMITS.** No extension of deadlines or compliance dates established by this Order is permitted if the extension or modification would cause a continuance of the trial or would prevent the completion of mediation prior to docket sounding. Any extension or modification agreed to shall be by written stipulation signed by all parties to this action and filed with the Court. Any other extension of the deadlines or compliance dates established herein or modifications of this Order requires court approval.

13.   **STANDARDS OF CONDUCT.** Conduct that may be characterized as uncivil, abusive, hostile or obstructive impedes the fundamental goal of resolving cases fairly and efficiently and will not be tolerated. Such conduct tends to delay and deny justice. Accordingly, in addition to the standards imposed on all attorneys by the Florida code of Professional Responsibility, the following standards will apply to all attorneys and parties to this action:

(a)   All attorneys, parties and witnesses will be treated in a civil and courteous manner, not only in court, but at depositions and in all written and oral communications.

(b)   No attorney or party will abuse or indulge in offensive conduct directed to other attorneys, parties or witnesses. Counsel and all parties shall abstain from disparaging personal remarks or acrimony towards other attorneys, parties or witnesses. Adverse witnesses and parties will be treated with fair consideration.

(c)   Absent good cause, no attorney or party shall attribute bad motives or improper conduct to opposing counsel or any adverse party or bring the legal profession into disrepute by unfounded accusations of impropriety.

(d)   All attorneys and parties shall make good faith efforts to resolve by agreement any objections to matters contained in pleadings, discovery requests or objections.

(e)     No attorney or unrepresented party shall time the filing or service of motions or pleadings in any way that unfairly limits the other party's opportunity to respond and will consult with each other regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

(f)     All attorneys and parties shall make all reasonable efforts to expedite this litigation.

(g)     Counsel shall strictly abide by Fla. Bar Code Prof. Resp. Rule 4.3-6 regarding trial publicity.

(h)     Before hearings are scheduled, or if that is not feasible, immediately thereafter, counsel and all unrepresented parties will attempt to verify the availability of necessary participants and witnesses so that the court can be notified of any foreseeable problems.

(i)     Nothing in this Order supersedes or detracts from the code of Professional Responsibility or alters existing standards of conduct.  Counsel and all parties shall comply with the court conduct Handbook on Gender Equality in the Courts.

14.     **SANCTIONS.**  The unexcused failure of counsel or any party to comply with the requirements of this Order will subject the offending counsel or party to appropriate sanctions which may include, but are not limited to contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate.

### ATTENTION: PERSONS WITH DISABILITIES

In accordance with the American With disabilities Act, persons needing a special accommodation to participate in this proceeding should contact Theresa Westerfield, court Administrator, not later than seven (7) days prior to the proceeding, at Room 302, courthouse Annex, 502 Whitehead Street, Key West, Florida 33040. Telephone: 305-292-3423; 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service. **THIS IS NOT A COURT INFORMATION LINE.**

**COMPLIANCE TIMES UNDER UNIFORM PRETRIAL PROCEDURES IN CIVIL ACTIONS**

| | |
|---|---|
| A. Submission of agreed mediation order | 75 days before docket sounding |
| B. Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| C. Disclosure of non-expert witnesses | 60 days before docket sounding |
| D. Cut-off for Interrogatories, requests to produce and requests for | 45 days before trial date |

admission

| | |
|---|---|
| E. Cut-off for filing of pretrial motions | 30 days before trial date |
| F. Issuance and service of trial subpoenas, if to be grounds for continuance | 10 days before trial date |
| G. Discovery cut-off (except see D above) | 10 days before trial date |
| H. Hearing cut-off | 10 days before trial date |
| I. Pretrial meeting | 10 days before docket sounding or 10 days before pretrial conference, whichever occurs first |
| J. Mediation completed and report filed | Any time prior to docket sounding |
| K. Pretrial statement delivered to Court | At docket sounding or at the pretrial conference, whichever occurs first |
| L. Jury instructions filed with Clerk and delivered to Court | Beginning of trial |

**DONE AND ORDERED** at Key West, Monroe County, Florida, this 25th day of March, 2004.

_____
CIRCUIT JUDGE

I HEREBY CERTIFY that copies of the foregoing order have been forwarded to counsel of record this 26 day of March, 2004.

_____
Judicial Assistant

cc:  George J. Blutstein, Esq.
4700-B Sheridan Street
Hollywood, Florida 33021

David J. Audlin, Jr., Esq.
415 Eaton Street
Key West, Florida 33040

STATE OF FLORIDA)
COUNTY OF MONROE)

This Copy is a True Copy of the Original on File in this Office. Witness my hand and Official Seal.

This _____ day of _____

A.D., 20____    DANNY L. KOLHAGE
Clerk Circuit Court

By _____ D.C.

6.

**IN THE CIRCUIT COURT OF THE 16TH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR MONROE COUNTY**

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff(s),

vs.                              Case No.: 2002-CA-1407-K

CITY OF KEY WEST, a Florida
Municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West, & SHERIFF OF
AND COUNTY OF MONROE, STATE
OF FLORIDA,

      Defendants
_____/

**ORDER RE-SETTING JURY TRIAL
AND DIRECTING PRE-TRIAL PROCEDURE**

It appearing that this case is at issue and can be set for trial, it is ORDERED as follows:

A.    **TRIAL DATE.**

        This case is set for jury trial during the two (2) week period commencing **January 10, 2005, at 9:00 a.m.**, in Courtroom A, Courthouse Annex, 502 Whitehead Street, Key West, Florida.  The first day of the trial period is hereinafter referred to as the "trial date".

B.    **PRE-TRIAL CONFERENCE DATE**

        **Docket sounding** (calendar call) will be held in **Judge's Chambers, Room 402, Courthouse Annex, 502 Whitehead Street, Key West, Florida, on December 14, 2004, at 1:30 p.m.  Appearance at docket sounding by counsel and all unrepresented parties is mandatory.  Failure to attend docket sounding may result in the dismissal of this action, the entry of a default or other appropriate sanctions.  NO MOTIONS WILL BE HEARD AT DOCKET SOUNDING, EXCEPT MOTIONS IN LIMINE.**

C.    **FAMILIARITY WITH THIS ORDER.**  Counsel and all unrepresented parties shall read this Order and the attached Uniform Pretrial Procedures in Civil Actions, be familiar with its contents and comply with the requirements of both.  Material non-compliance with this Order or the Uniform Pretrial Procedures in Civil Actions by counsel or any party will subject the offending counsel or parties to appropriate sanctions which may include; but are not limited to, contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate,

**BY ORDER OF THE COURT**, each party and all counsel shall comply with the following Uniform Pretrial Procedures in Civil Actions:

1.    **REFERRAL TO MEDIAITON; DEADLINE.**

    (a)    Unless this matter has been previously mediated or is excluded from mediation by Fla.R.Civ.P. 1.710(b), this case is hereby referred to mediation in accordance with Fla.R.Civ.P. 1.700, et seq. Plaintiff's counsel (or Defendant's counsel, if Plaintiff is unrepresented), shall submit a mutually agreeable mediation order to the Court at least seventy-five (75) days prior to docket sounding. If the parties are unable to agree on a mediator and a place and time for mediation, counsel shall promptly notify the Court.

    (b)    **Mediation shall be completed and the mediation report filed with the Court prior to docket sounding. The requirement to mediate this case cannot be waived by agreement of the parties.**

2.    **WITNESS LISTS.**

    (a)    **EXPERT WITNESSES.** No less than seventy-five (75) days before docket sounding, each party seeking affirmative relief will file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party is good faith expects to call as a witness at trial. No later than sixty (60) days before docket sounding, each party not seeking affirmative relief shall file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party in good faith expects to call as a witness at trial. For each expert witness listed, the noticing party shall designate his/her area of expertise (i.e. "accident reconstruction", "economist", "treating orthopedic physician" etc.).

    (b)    **NON-EXPERT WITNESSES.** No less than sixty (60) days prior to docket sounding, each party will file with the Court and serve on all other parties a notice containing the names and addresses of each non-expert witness whom the noticing party in good faith expects to call as a witness at trial.

    (c)    A party may amend or supplement his/her witness list without leave of court at any time until the deadline for the filing of witness lists set forth in paragraphs 2(a) and (b) above. If a witness list is amended or supplemented, it shall be restated in full.

    (d)    Absent good cause, no witness shall be permitted to testify unless the party calling that witness has complied with this Order.

    (e)    All expert witnesses must be ready to testify and be reasonably available for deposition no less than thirty (30) days before docket sounding.

    (f)    The Court may, on its own motion or on the motion of any party, limit the number of experts or other witnesses permitted to testify at trial.

3.    **DISCOVERY.**

(a)    Except as otherwise provided herein or agreed to by the parties in writing, discovery shall remain open until ten (10) days prior to the trial date.

(b)    No interrogatories, requests to produce or requests for admissions shall be served later than forty-five (45) days prior to the trial date.  Exceptions shall be permitted only by written stipulation of the parties or by Court order.

4.    **CONTINUANCES.** Motions for continuance must be in writing and specifically set forth: (a) the reason for the requested continuance; (b) if any party objects to the requested continuance and; (c) when it is anticipated the case will be ready for trial.  The rule requires that the party (not just the attorney) requesting the continuance should sign the motion or stipulation.  Fla. R. Jud. Admin. 2.085(c).  If the requested continuance is based on the unavailability of a witness, the court must be advised of when it is believed the witness will be available.  The inability to require the attendance of a witness at trial shall not be the basis for continuance of the trial unless a witness subpoena was issued and served on the witness (or was attempted to be served on the witness) at least ten (10) days prior to the trial date.

5.    **PRETRIAL MOTIONS.**

(a)    **DEADLINES FOR MOTIONS.** Motions filed within thirty (30) days of the trial date will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least (thirty (30) days prior to the trial date.  Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline.  The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

(b)    **MOTIONS GENERALLY.** The failure of a party to call up for hearing any timely filed motion at least ten (10) days prior to the trial date may constitute a waiver thereof unless the grounds therefore did not exist or the party was not aware of the grounds for the motion(s) prior to the filing of such motion(s) after the exercise of reasonable diligence.

(c)    **CERTIFICATE OF GOOD FAITH.** Before any motion is filed, the moving party shall contact the opposing party and attempt, in good faith, to amicably resolve the issues raised by the motion(s).  Each motion shall contain a certificate of the movant's attorney if represented (or the moving party if unrepresented) certifying his/her compliance with this requirement.  This provision does not apply to motions for summary judgment or other case dispositive motions.

(d)    *FRYE* **TEST HEARINGS.** Any challenge to the admissibility of evidence at trial asserted to be 'novel scientific evidence" in accordance with the principals set forth in *Frye v. United States*, 293 Fed. 1013 (D.C. Cir. 1923), must be raised by a motion in limine filed at least thirty (30) days prior to the trial date.  See, *Hadden v. State*, 690 so.2d 573 (Fla. 1997); *Ramirez v. State*, 651 So.2d 1164 (Fla. 1995); *Flanagan v. State*, 625 So.2d 827 (Fla. 1993).  Failure to meet either deadline without just cause shall be deemed a waiver.

6. **COURT REPORTER.** The parties shall coordinate the scheduling of a court reporter if a reporter is desired.

7. **SETTLEMENT.** If this case is settled or is dismissed prior to the trial date, the parties shall promptly notify the court by telephone and confirm the settlement or dismissal in writing. **A notice of voluntary dismissal or joint motion to dismiss shall be submitted to the court within thirty (30) days after the Court is first advised of the settlement.**

8. **PRETRIAL MEETING OF ATTORNEYS AND UNREPRESENTED PARTIES.**

 (a) **MANDATORY PRETRIAL MEETING.** No later than ten (10) days prior to docket sounding (or ten (10) days prior to the pretrial conference, if one is scheduled), trial counsel and all unrepresented parties shall meet together. Attendance at his meeting (in person or by telephone) is mandatory. Plaintiff's attorney (or if Plaintiff is unrepresented, Defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting. If the parties are unable to agree, counsel shall promptly notify the court in writing and the court will then set the time, date and place for the meeting.

At the pretrial meeting, the attorneys and unrepresented parties shall:

 (1) Discuss and attempt to settle the case

 (2) Produce, examine and initial every evidentiary exhibit intended to be offered at trial; agree on those which can be admitted as joint exhibits, those which ca be admitted without objection, and identify those to which objections will be made and the grounds for each objection, and note this on a separate copy of each party's exhibit list. Objections not reserved or grounds not noted on the annotated exhibit lists will be deemed waived at trial. The annotated copies of the exhibit lists will be attached to and made a part of the joint pretrial statement required by paragraph 8(b) of this Order. **Any listed exhibit not objected to will be admitted into evidence.**

 (3) Review the witness lists and note on a separate copy, which witnesses and depositions the parties in good faith anticipate will actually be used at trial. The annotated copies of the witness lists will be attached to the joint pretrial statement required by paragraph 8(b) of this Order.

 (4) Discuss and stipulate as to those facts which do not require proof at trial.

 (5) Discuss, clarify and frame all factual issues to be tried.

 (6) Identify all significant issues of law, procedure or evidence to be decided by the Court prior to or during trial.

 (7) Agree upon and draft a concise but complete statement of the case to be read by the Court to the jury at the beginning of the case, if a jury trial.

 (8) Attempt to agree upon the number of peremptory challenges, if a jury trial.

(9)     Discuss and attempt to agree upon any other matters which will lead to a more orderly trial (e.g., copies in lieu of originals, witnesses out of turn, how depositions will be presented, the treatment of collateral source set-offs, the need to call records custodians, etc.)

(b)     **JOINT PRETRIAL STATEMENT.** Following the meeting required by paragraph 8(a), Plaintiff's attorney (or Defendant's attorney, if Plaintiff is unrepresented) shall prepare and present to opposing counsel and all unrepresented parties a proposed joint pretrial statement. The statement shall be signed by all attorneys and unrepresented parties. The original shall be filed with the Clerk and one copy shall be mailed or delivered to the Judge no later than docket sounding; provided, however, that if the Court schedules a pretrial conference, the joint pretrial statement shall be provided to the court at or before the pretrial conference. To the extent the parties differ as to how portions of the pretrial statement should read, the differing views should be set forth in the statement.

The pretrial statement shall contain the following items in the following format:

**\*\* NOTE: Counsel may not simply reference witnesses or exhibits previously filed, but must list same as though never listed previously.**

(1)     A statement of the case to be read to the jury, if a jury trial.

(2)     A statement of facts, which are admitted, and which of those admitted facts may be read in evidence at trial as a stipulation of the parties.

(3)     A list of issues raised by the pleadings that are abandoned.

(4)     A list of the issues of fact to be tried (framed as they would be set forth in an interrogatory verdict).

(5)     A list of significant issues of law, procedure or evidence to be determined by the court prior to or during trial.

(6)     An itemized list of special damages that each party claiming special damages expects to prove.

(7)     The annotated copy of each party's list of exhibits showing objections required by paragraph 8(a)(2) of this Order.

(8)     The annotated copy of each party's witness list required by paragraph 8(a)(3) of this Order.

(9)     The number of peremptory challenges agreed upon or requested, if no agreement is reached, if a jury trial.

(10)    A current estimate of the number of days required for trial and the time requested for opening statements.

(11)   Any other agreed matters.

9.   **JURY INSTRUCTIONS.** If this case is scheduled for a jury trial, no later than the beginning of trial, each party shall submit to the court an original and one copy of that party's proposed jury instructions and verdict form. Each jury instruction shall be on a separate page; shall contain citations of supporting authorities, if any; shall designate the party submitting the instruction; and shall be numbered in sequence. Counsel shall confer prior to trial and attempt to agree ton the jury instructions and verdict form. This paragraph shall not foreclose the right of each party to modify proposed instructions up to and including the charge conference at the close of evidence.

10.   **INCONSISTENCY WITH CASE MANAGEMENT ORDER.** If any provision of this order is inconsistent with any case management order entered in this case, the case management order will govern.

11.   **MARKING EXHIBITS BEFORE TRIAL.** Each party shall, at a reasonable time prior to trial, meet with the Judge's Court Clerk and assist the Clerk in marking all exhibits for identification in the manner directed by the Clerk.

12.   **EXTENSION OF TIME LIMITS.** No extension of deadlines or compliance dates established by this Order is permitted if the extension or modification would cause a continuance of the trial or would prevent the completion of mediation prior to docket sounding. Any extension or modification agreed to shall be by written stipulation signed by all parties to this action and filed with the Court. Any other extension of the deadlines or compliance dates established herein or modifications of this Order requires court approval.

13.   **STANDARDS OF CONDUCT.** Conduct that may be characterized as uncivil, abusive, hostile or obstructive impedes the fundamental goal of resolving cases fairly and efficiently and will not be tolerated. Such conduct tends to delay and deny justice. Accordingly, in addition to the standards imposed on all attorneys by the Florida code of Professional Responsibility, the following standards will apply to all attorneys and parties to this action:

(a)   All attorneys, parties and witnesses will be treated in a civil and courteous manner, not only in court, but at depositions and in all written and oral communications.

(b)   No attorney or party will abuse or indulge in offensive conduct directed to other attorneys, parties or witnesses. Counsel and all parties shall abstain from disparaging personal remarks or acrimony towards other attorneys, parties or witnesses. Adverse witnesses and parties will be treated with fair consideration.

(c)   Absent good cause, no attorney or party shall attribute bad motives or improper conduct to opposing counsel or any adverse party or bring the legal profession into disrepute by unfounded accusations of impropriety.

(d)   All attorneys and parties shall make good faith efforts to resolve by agreement any objections to matters contained in pleadings, discovery requests or objections.

(e)     No attorney or unrepresented party shall time the filing or service of motions or pleadings in any way that unfairly limits the other party's opportunity to respond and will consult with each other regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

(f)     All attorneys and parties shall make all reasonable efforts to expedite this litigation.

(g)     Counsel shall strictly abide by Fla. Bar Code Prof. Resp. Rule 4.3-6 regarding trial publicity.

(h)     Before hearings are scheduled, or if that is not feasible, immediately thereafter, counsel and all unrepresented parties will attempt to verify the availability of necessary participants and witnesses so that the court can be notified of any foreseeable problems.

(i)     Nothing in this Order supersedes or detracts from the code of Professional Responsibility or alters existing standards of conduct.  Counsel and all parties shall comply with the court conduct Handbook on Gender Equality in the Courts.

14.   **SANCTIONS.** The unexcused failure of counsel or any party to comply with the requirements of this Order will subject the offending counsel or party to appropriate sanctions which may include, but are not limited to contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate.

### ATTENTION: PERSONS WITH DISABILITIES

In accordance with the American With disabilities Act, persons needing a special accommodation to participate in this proceeding should contact Theresa Westerfield, court Administrator, not later than seven (7) days prior to the proceeding, at Room 302, courthouse Annex, 502 Whitehead Street, Key West, Florida 33040. Telephone: 305-292-3423; 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service. **THIS IS NOT A COURT INFORMATION LINE.**

| | **COMPLIANCE TIMES UNDER UNIFORM PRETRIAL PROCEDURES IN CIVIL ACTIONS** |
|---|---|
| A. Submission of agreed mediation order | 75 days before docket sounding |
| B. Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| C. Disclosure of non-expert witnesses | 60 days before docket sounding |
| D. Cut-off for Interrogatories, requests to produce and requests for | 45 days before trial date |

| | |
|---|---|
| admission | |
| E. Cut-off for filing of pretrial motions | 30 days before trial date |
| F. Issuance and service of trial subpoenas, if to be grounds for continuance | 10 days before trial date |
| G. Discovery cut-off (except see D above) | 10 days before trial date |
| H. Hearing cut-off | 10 days before trial date |
| I. Pretrial meeting | 10 days before docket sounding or 10 days before pretrial conference, whichever occurs first |
| J. Mediation completed and report filed | Any time prior to docket sounding |
| K. Pretrial statement delivered to Court | At docket sounding or at the pretrial conference, whichever occurs first |
| L. Jury instructions filed with Clerk and delivered to Court | Beginning of trial |

**DONE AND ORDERED** at Key West, Monroe County, Florida, this 25th day of March, 2004.

_(signature)_

CIRCUIT JUDGE

I HEREBY CERTIFY that copies of the foregoing order have been forwarded to counsel of record this 26 day of March, 2004.

_(signature)_

Judicial Assistant

cc:   George J. Blutstein, Esq.
      4700-B Sheridan Street
      Hollywood, Florida 33021

      David J. Audlin, Jr., Esq.
      415 Eaton Street
      Key West, Florida 33040

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.

_____/

### STIPULATION TO AMEND COMPLAINT

IT IS HEREBY STIPULATED AND AGREED by and between the
undersigned, as counsel for the parties herein, that Plaintiff
shall be permitted to amend the Complaint to add and additional
party Defendant, to wit: SHERIFF OF and COUNTY OF MONROE, STATE OF
FLORIDA

    DATED: This 25 day of February, 2004.

_____
GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

_____
DAVID J. AUDLIN, JR., ESQ.
415 Eaton St.
Key West, FL 33040
(305) 294-3002
Florida Bar No. 434132

1



## IN THE CIRCUIT COURT OF THE 16ᵀᴴ JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA, IN AND FOR MONROE COUNTY

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff(s),

vs.                         Case No.: CA-K-02-1407

CITY OF KEY WEST, a Florida
Municipal corporation, & JOHN DOE,
Police Officer of the City of Key West,

      Defendants
_____/

## ORDER SETTING JURY TRIAL
## AND DIRECTING PRE-TRIAL PROCEDURE

It appearing that this case is at issue and can be set for trial, it is ORDERED as follows:

A.    **TRIAL DATE.**

    This case is set for jury trial during the two (2) week period commencing **May 10, 2004, at 9:00 a.m.**, in Courtroom A, Courthouse Annex, 502 Whitehead Street, Key West, Florida. The first day of the trial period is hereinafter referred to as the "trial date".

B.    **PRE-TRIAL CONFERENCE DATE**

    **Docket sounding** (calendar call) will be held in **Judge's Chambers, Room 402, Courthouse Annex, 502 Whitehead Street, Key West, Florida, on April 20, 2004, at 1:30 p.m.** Appearance at docket sounding by counsel and all unrepresented parties is **mandatory. Failure to attend docket sounding may result in the dismissal of this action, the entry of a default or other appropriate sanctions. NO MOTIONS WILL BE HEARD AT DOCKET SOUNDING, EXCEPT MOTIONS IN LIMINE.**

    C.    **FAMILIARITY WITH THIS ORDER.** Counsel and all unrepresented parties shall read this Order and the attached Uniform Pretrial Procedures in Civil Actions, be familiar with its contents and comply with the requirements of both. Material noncompliance with this Order or the Uniform Pretrial Procedures in Civil Actions by counsel or any party will subject the offending counsel or parties to appropriate sanctions which may include; but are not limited to, contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate,

    **BY ORDER OF THE COURT,** each party and all counsel shall comply with the following Uniform Pretrial Procedures in Civil Actions:

1.    **REFERRAL TO MEDIAITON; DEADLINE.**

(a)    Unless this matter has been previously mediated or is excluded from mediation by Fla.R.Civ.P. 1.710(b), this case is hereby referred to mediation in accordance with Fla.R.Civ.P. 1.700, et seq. Plaintiff's counsel (or Defendant's counsel, if Plaintiff is unrepresented), shall submit a mutually agreeable mediation order to the Court at least seventy-five (75) days prior to docket sounding. If the parties are unable to agree on a mediator and a place and time for mediation, counsel shall promptly notify the Court.

(b)    **Mediation shall be completed and the mediation report filed with the Court prior to docket sounding. The requirement to mediate this case cannot be waived by agreement of the parties.**

2.    **WITNESS LISTS.**

(a)    **EXPERT WITNESSES.** No less than seventy-five (75) days before docket sounding, each party seeking affirmative relief will file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party is good faith expects to call as a witness at trial. No later than sixty (60) days before docket sounding, each party not seeking affirmative relief shall file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party in good faith expects to call as a witness at trial. For each expert witness listed, the noticing party shall designate his/her area of expertise (i.e. "accident reconstruction", "economist", "treating orthopedic physician" etc.).

(b)    **NON-EXPERT WITNESSES.** No less than sixty (60) days prior to docket sounding, each party will file with the Court and serve on all other parties a notice containing the names and addresses of each non-expert witness whom the noticing party in good faith expects to call as a witness at trial.

(c)    A party may amend or supplement his/her witness list without leave of court at any time until the deadline for the filing of witness lists set forth in paragraphs 2(a) and (b) above. If a witness list is amended or supplemented, it shall be restated in full.

(d)    Absent good cause, no witness shall be permitted to testify unless the party calling that witness has complied with this Order.

(e)    All expert witnesses must be ready to testify and be reasonably available for deposition no less than thirty (30) days before docket sounding.

(f)    The Court may, on its own motion or on the motion of any party, limit the number of experts or other witnesses permitted to testify at trial.

3.    **DISCOVERY.**

(a)    Except as otherwise provided herein or agreed to by the parties in writing, discovery shall remain open until ten (10) days prior to the trial date.

(b)   No interrogatories, requests to produce or requests for admissions shall be served later than forty-five (45) days prior to the trial date.  Exceptions shall be permitted only by written stipulation of the parties or by Court order.

4.   **CONTINUANCES.** Motions for continuance must be in writing and specifically set forth: (a) the reason for the requested continuance; (b) if any party objects to the requested continuance and; (c) when it is anticipated the case will be ready for trial.  The rule requires that the party (not just the attorney) requesting the continuance should sign the motion or stipulation.  Fla. R. Jud. Admin. 2.085(c).  If the requested continuance is based on the unavailability of a witness, the court must be advised of when it is believed the witness will be available.  The inability to require the attendance of a witness at trial shall not be the basis for continuance of the trial unless a witness subpoena was issued and served on the witness (or was attempted to be served on the witness) at least ten (10) days prior to the trial date.

5.   **PRETRIAL MOTIONS.**

(a)   **DEADLINES FOR MOTIONS.** Motions filed within thirty (30) days of the trial date will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least (thirty (30) days prior to the trial date.  Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline.  The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

(b)   **MOTIONS GENERALLY.** The failure of a party to call up for hearing any timely filed motion at least ten (10) days prior to the trial date may constitute a waiver thereof unless the grounds therefore did not exist or the party was not aware of the grounds for the motion(s) prior to the filing of such motion(s) after the exercise of reasonable diligence.

(c)   **CERTIFICATE OF GOOD FAITH.** Before any motion is filed, the moving party shall contact the opposing party and attempt, in good faith, to amicably resolve the issues raised by the motion(s).  Each motion shall contain a certificate of the movant's attorney if represented (or the moving party if unrepresented) certifying his/her compliance with this requirement.  This provision does not apply to motions for summary judgment or other case dispositive motions.

(d)   *FRYE* **TEST HEARINGS.** Any challenge to the admissibility of evidence at trial asserted to be 'novel scientific evidence" in accordance with the principals set forth in *Frye v. United States*, 293 Fed. 1013 (D.C. Cir. 1923), must be raised by a motion in limine filed at least thirty (30) days prior to the trial date.  See, *Hadden v. State*, 690 so.2d 573 (Fla. 1997); *Ramirez v. State*, 651 So.2d 1164 (Fla. 1995); *Flanagan v. State*, 625 So.2d 827 (Fla. 1993).  Failure to meet either deadline without just cause shall be deemed a waiver.

6.   **COURT REPORTER.** The parties shall coordinate the scheduling of a court reporter if a reporter is desired.

7.   **SETTLEMENT.** If this case is settled or is dismissed prior to the trial date, the parties shall promptly notify the court by telephone and confirm the settlement or dismissal

in writing. **A notice of voluntary dismissal or joint motion to dismiss shall be submitted to the court within thirty (30) days after the Court is first advised of the settlement.**

8.    **PRETRIAL MEETING OF ATTORNEYS AND UNREPRESENTED PARTIES.**

(a)    **MANDATORY PRETRIAL MEETING.** No later than ten (10) days prior to docket sounding (or ten (10) days prior to the pretrial conference, if one is scheduled), trial counsel and all unrepresented parties shall meet together. Attendance at his meeting (in person or by telephone) is mandatory. Plaintiff's attorney (or if Plaintiff is unrepresented, Defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting. If the parties are unable to agree, counsel shall promptly notify the court in writing and the court will then set the time, date and place for the meeting.

At the pretrial meeting, the attorneys and unrepresented parties shall:

(1)    Discuss and attempt to settle the case

(2)    Produce, examine and initial every evidentiary exhibit intended to be offered at trial; agree on those which can be admitted as joint exhibits, those which ca be admitted without objection, and identify those to which objections will be made and the grounds for each objection, and note this on a separate copy of each party's exhibit list. Objections not reserved or grounds not noted on the annotated exhibit lists will be deemed waived at trial. The annotated copies of the exhibit lists will be attached to and made a part of the joint pretrial statement required by paragraph 8(b) of this Order. **Any listed exhibit not objected to will be admitted into evidence.**

(3)    Review the witness lists and note on a separate copy, which witnesses and depositions the parties in good faith anticipate will actually be used at trial. The annotated copies of the witness lists will be attached to the joint pretrial statement required by paragraph 8(b) of this Order.

(4)    Discuss and stipulate as to those facts which do not require proof at trial.

(5)    Discuss, clarify and frame all factual issues to be tried.

(6)    Identify all significant issues of law, procedure or evidence to be decided by the Court prior to or during trial.

(7)    Agree upon and draft a concise but complete statement of the case to be read by the Court to the jury at the beginning of the case, if a jury trial.

(8)    Attempt to agree upon the number of peremptory challenges, if a jury trial.

(9)    Discuss and attempt to agree upon any other matters which will lead to a more orderly trial (e.g., copies in lieu of originals, witnesses out of turn, how depositions will be presented, the treatment of collateral source set-offs, the need to call records custodians, etc.)

(b)   **JOINT PRETRIAL STATEMENT.** Following the meeting required by paragraph 8(a), Plaintiff's attorney (or Defendant's attorney, if Plaintiff is unrepresented) shall prepare and present to opposing counsel and all unrepresented parties a proposed joint pretrial statement. The statement shall be signed by all attorneys and unrepresented parties. The original shall be filed with the Clerk and one copy shall be mailed or delivered to the Judge no later than docket sounding; provided, however, that if the Court schedules a pretrial conference, the joint pretrial statement shall be provided to the court at or before the pretrial conference. To the extent the parties differ as to how portions of the pretrial statement should read, the differing views should be set forth in the statement.

The pretrial statement shall contain the following items in the following format:

**\*\* NOTE: Counsel may not simply reference witnesses or exhibits previously filed, but must list same as though never listed previously.**

(1)   A statement of the case to be read to the jury, if a jury trial.

(2)   A statement of facts, which are admitted, and which of those admitted facts may be read in evidence at trial as a stipulation of the parties.

(3)   A list of issues raised by the pleadings that are abandoned.

(4)   A list of the issues of fact to be tried (framed as they would be set forth in an interrogatory verdict).

(5)   A list of significant issues of law, procedure or evidence to be determined by the court prior to or during trial.

(6)   An itemized list of special damages that each party claiming special damages expects to prove.

(7)   The annotated copy of each party's list of exhibits showing objections required by paragraph 8(a)(2) of this Order.

(8)   The annotated copy of each party's witness list required by paragraph 8(a)(3) of this Order.

(9)   The number of peremptory challenges agreed upon or requested, if no agreement is reached, if a jury trial.

(10)   A current estimate of the number of days required for trial and the time requested for opening statements.

(11)   Any other agreed matters.

9.   **JURY INSTRUCTIONS.** If this case is scheduled for a jury trial, no later than the beginning of trial, each party shall submit to the court an original and one copy of that party's proposed jury instructions and verdict form. Each jury instruction shall be on a

separate page; shall contain citations of supporting authorities, if any; shall designate the party submitting the instruction; and shall be numbered in sequence. Counsel shall confer prior to trial and attempt to agree ton the jury instructions and verdict form. This paragraph shall not foreclose the right of each party to modify proposed instructions up to and including the charge conference at the close of evidence.

10. **INCONSISTENCY WITH CASE MANAGEMENT ORDER.** If any provision of this order is inconsistent with any case management order entered in this case, the case management order will govern.

11. **MARKING EXHIBITS BEFORE TRIAL.** Each party shall, at a reasonable time prior to trial, meet with the Judge's Court Clerk and assist the Clerk in marking all exhibits for identification in the manner directed by the Clerk.

12. **EXTENSION OF TIME LIMITS.** No extension of deadlines or compliance dates established by this Order is permitted if the extension or modification would cause a continuance of the trial or would prevent the completion of mediation prior to docket sounding. Any extension or modification agreed to shall be by written stipulation signed by all parties to this action and filed with the Court. Any other extension of the deadlines or compliance dates established herein or modifications of this Order requires court approval.

13. **STANDARDS OF CONDUCT.** Conduct that may be characterized as uncivil, abusive, hostile or obstructive impedes the fundamental goal of resolving cases fairly and efficiently and will not be tolerated. Such conduct tends to delay and deny justice. Accordingly, in addition to the standards imposed on all attorneys by the Florida code of Professional Responsibility, the following standards will apply to all attorneys and parties to this action:

(a)   All attorneys, parties and witnesses will be treated in a civil and courteous manner, not only in court, but at depositions and in all written and oral communications.

(b)   No attorney or party will abuse or indulge in offensive conduct directed to other attorneys, parties or witnesses. Counsel and all parties shall abstain from disparaging personal remarks or acrimony towards other attorneys, parties or witnesses. Adverse witnesses and parties will be treated with fair consideration.

(c)   Absent good cause, no attorney or party shall attribute bad motives or improper conduct to opposing counsel or any adverse party or bring the legal profession into disrepute by unfounded accusations of impropriety.

(d)   All attorneys and parties shall make good faith efforts to resolve by agreement any objections to matters contained in pleadings, discovery requests or objections.

(e)   No attorney or unrepresented party shall time the filing or service of motions or pleadings in any way that unfairly limits the other party's opportunity to respond and will consult with each other regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

(f)     All attorneys and parties shall make all reasonable efforts to expedite this litigation.

(g)     Counsel shall strictly abide by Fla. Bar Code Prof. Resp. Rule 4.3-6 regarding trial publicity.

(h)     Before hearings are scheduled, or if that is not feasible, immediately thereafter, counsel and all unrepresented parties will attempt to verify the availability of necessary participants and witnesses so that the court can be notified of any foreseeable problems.

(i)     Nothing in this Order supersedes or detracts from the code of Professional Responsibility or alters existing standards of conduct.  Counsel and all parties shall comply with the court conduct Handbook on Gender Equality in the Courts.

14.     **SANCTIONS.**  The unexcused failure of counsel or any party to comply with the requirements of this Order will subject the offending counsel or party to appropriate sanctions which may include, but are not limited to contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate.

## ATTENTION:  PERSONS WITH DISABILITIES

In accordance with the American With disabilities Act, persons needing a special accommodation to participate in this proceeding should contact Theresa Westerfield, court Administrator, not later than seven (7) days prior to the proceeding, at Room 302, courthouse Annex, 502 Whitehead Street, Key West, Florida 33040. Telephone: 305-292-3423; 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service. **THIS IS NOT A COURT INFORMATION LINE.**

**COMPLIANCE TIMES UNDER UNIFORM PRETRIAL PROCEDURES IN CIVIL ACTIONS**

| | |
|---|---|
| A. Submission of agreed mediation order | 75 days before docket sounding |
| B. Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| C. Disclosure of non-expert witnesses | 60 days before docket sounding |
| D. Cut-off for Interrogatories, requests to produce and requests for admission | 45 days before trial date |
| E. Cut-off for filing of pretrial motions | 30 days before trial date |
| F. Issuance and service of trial subpoenas, if to be grounds for continuance | 10 days before trial date |

| G. Discovery cut-off (except see D above) | 10 days before trial date |
| H. Hearing cut-off | 10 days before trial date |
| I. Pretrial meeting | 10 days before docket sounding or 10 days before pretrial conference, whichever occurs first |
| J. Mediation completed and report filed | Any time prior to docket sounding |
| K. Pretrial statement delivered to Court | At docket sounding or at the pretrial conference, whichever occurs first |
| L. Jury instructions filed with Clerk and delivered to Court | Beginning of trial |

**DONE AND ORDERED** at Key West, Monroe County, Florida, this 17th day of December, 2003.



RICHARD G. PAYNE

CIRCUIT JUDGE

I HEREBY CERTIFY that copies of the foregoing order have been forwarded to counsel of record this _17_ day of December, 2003.

KATHY RUPP

Judicial Assistant

cc:   David J. Audlin, Jr., Esq.
      415 Eaton Street
      Key West, Florida 33040

      George J. Blutstein, Esq.
      4700-B Sheridan Street
      Hollywood, Florida 33021

      Brandon Dimando, Esq.
      605-B Simonton Street
      Key West, Florida 33040

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/                  CASE NO.: CA-K-02-1407
PATRICIA LAUFER,
       Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
       Defendant(s).
_____/

## SECOND RE-NOTICE OF TAKING DEPOSITION

**PLEASE TAKE NOTICE** that the undersigned, pursuant to FRCP 1.390, will take the deposition of the following person, at the time designated below, in the presence of a notary public or some other person authorized by law to take deposition of **Patricia Klein at 11:00 a.m., January 29, 2004, before** <u>All Keys Reporting, 600 Whitehead Street, Conference Room 206 ( at top of stairs),</u> Key West, Florida,  33040.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. mail and/or facsimile to George J. Blutstein, Esq., Attorney for Plaintiff, 4700-B Sheridan Street, Hollywood, Florida 33021 on this *17* day of December, 2003.

Respectfully submitted,

David J. Audlin, Jr.
Special Counsel for City of Key West
415 Eaton Street
Key West, FL 33040
Fla. Bar No. 434132
Tel. (305) 294-3002
Fax (305) 293-0943



IN THE CIRCU__ COURT OF THE SIXTEENTH JU__CIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,                                    CASE NO.: CA-K-02-1407
     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
     Defendant(s).

_____/

## ORDER GRANTING CONTINUANCE OF TRIAL DATE

     THIS MATTER came on before the Court on the Stipulated Motion for continuance of trial date, entered into by and between the parties hereto. The Court, having reviewed the Stipulated Motion and being fully apprised in the facts and circumstances, GRANTS the motion for continuance, as follows:

1. The Pretrial conference previously set for December 16, 2003 is cancelled, and the Pretrial conference shall be held on *TBA*_____, at _____, at the Monroe County Courthouse, 500 Whitehead Street, Key West, FL.
2. The trial setting of January 12, 2004 is hereby vacated, and trial of this matter is hereby reset to *TBA*_____.
3. All requirements of the pretrial order of October 2, 2003 are continued to coordinate with the new trial date.

DONE AND ORDERED in Chambers, at Key West, Florida, this 5th day of December, 2003.

# RICHARD G. PAYNE
     RICHARD G. PAYNE
     CHIEF CIRCUIT JUDGE

Copies to: George Blutstein, Esq.
         David Audlin, Esq.
         Brandon Dimando, Esq

IN THE CIRCUIT COURT OF THE
16TH JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida municipal
corporation, & JOHN DOE, Police Officer of
the City of Key West & SHERIFF OF AND
COUNTY OF MONROE, STATE OF FLORIDA,

     Defendants.

_____/

## STIPULATION FOR CONTINUANCE

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, as

counsel for the parties herein, that this matter be continued based upon the fact that the cause is

not at issue concerning the Defendant named in the Amended Complaint.

     DATED: This     Day of December, 2004.

_____     _____
DAVID J. AUDLIN, JR., ESQ.     GEORGE J. BLUTSTEIN, ESQ.
415 Eaton Street     4700-B Sheridan Street
Key West, FL 33040     Hollywood, FL 33021
(305) 294-3002     (954) 963-9205
Fl. Bar No. 434132     Fl. Bar No. 007081

1

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY, FLORIDA
### CIVIL DIVISION

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,                                    CASE NO:  CA-K-02-1407
     Plaintiff,

v.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
     Defendant(s).
_____/

## SUBPOENA DUCES TECUM

THE STATE OF FLORIDA:

TO    Monroe County Sheriff's Office
       Custodian of Records
       5525 Jr. College Road
       Key West, Florida 33040
       (attn: Mark Willis, Esq.)

    **YOU ARE COMMANDED** to appear at 415 Eaton Street, Key West, Florida on December 4, 2003, at 9:00 A.M,. and to have with you at that time and place the following:

All records regarding Patricia Klein, f/k/a/ Patricia Laufer,  DOB: 12/03/1953, SSN: 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, including but not limited to, the January 7, 2001 DUI arrest, the January 15, 2001 Marchman Act detention, as well as any and all other incarceration dates from 1999 to present, at the Monroe County Jail.

These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**  You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  **You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above.**  You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

    1.  appear as specified; or

    2.  furnish the records as provided above; or

    3.  object to this subpoena,

you may be in contempt of court.  You are subpoenaed by the attorney whose name appears on this subpoena and unless excused from this subpoena by this attorney or the Court, you shall respond to this subpoena as directed.

DATED on _14_ November, 2003.


David J. Audlin, Jr.
Special Counsel for  the City of Key West
415 Eaton Street
Key West, Florida 33040
Tel. (305) 294-3002
Fax (305) 294-0943
Fla. Bar No. 434132

MONROE COUNTY SHERIFF'S OFFICE        )   11/24/03
CIVIL DIVISION - (305)292-7007
5525 COLLEGE RD, STOCK ISLAND, FLORIDA 33040-6547

ASE NUMBER: CAK021407...................... COUNTY: MONROE.................
LAINTIFF: PATRICIA KLEIN FKA PATRICIA LAUFER.........................
EFENDANT: CITY OF KEY WEST & JOHN DOE....................................

YPE OF WRIT: SUBP 12/04/03.....................CAUSE OF ACT: CIVIL..........
ECEIPT NUMBER: 0042472...................................................
ATE RECEIVED: 11/24/ 3      Time Received: 14:25
ERSON LISTED: CUSTODIAN OF RECORDS............. *Pat Silvers*.............
DDRESS: MONROE COUNTY SHERIFF'S OFFICE....................................
          5525 JR. COLLEGE ROAD..........................................
ITY: KEY WEST...................STATE: FL.................................

N MONROE COUNTY, FLORIDA, THIS WRIT WAS SERVED BY THE METHOD INDICATED BELOW.
ERSON SERVED: *Pat Silvers*..............TYPE OF SERVICE: *Personal*.

ATE SERVED: *11 25 03* TIME SERVED: *11:05 AM*

OMMENTS: ATTN: MARK WILLIS, ESQ.......................................
........................................................................

TTEMPT-1   /  /          ATTEMPT-2   /  /          ATTEMPT-3   /  /
EPUTY ID/NAME: *7323  C Scott*..............................

X INDIVIDUAL SERV.: BY SERVING THE WITHIN NAMED PERSON A TRUE COPY OF THE WRIT
ITH THE DATE AND HOUR OF SERVICE ENDORSED THEREON BY ME, AND AT THE SAME TIME
ELIVERING TO THE NAMED PERSON A COPY OF THE COMPLAINT, PETITION OR INITIAL
LEADING.

. SUBSTITUTE SERVICE: BY SERVING A TRUE COPY THIS WRIT, WITH THE DATE AND HOUR
F SERVICE ENDORSED THEREON BY ME AND A COPY OF THE COMPLAINT, PETITION OR
NITIAL PLEADING AT THE WITNESS/DEFENDANT'S USUAL PLACE OF ABODE, ON ANY PERSON
ESIDING THEREIN THE AGE OF FIFTEEN YEARS OR OLDER TO WIT: AND INFORMING SUCH
ERSON OF THEIR CONTENTS.

. CORPORATE SERVICE: BY SERVING A TRUE COPY OF THIS WRIT WITH THE DATE AND HOUR
F SERVICE ENDORSED THEREON BY ME, AND A COPY OF PLAINTIFF'S INITIAL PLEADING
O: ANY SUPERIOR OFFICER AS DEFINED IN F.S. 48.081. OR RESIDENT AGENT OF SAID
ORPORATION AS DEFINED IN F.S. 48.091. TO AN EMPLOYEE OF DEFENDANT CORPORATION
N COMPLIANCE WITH F.S. 48.081(3) FOR FAILURE BY THE CORPORATION TO COMPLY WITH
.S. 48.091.

. POSTED COMMERCIAL: BY ATTACHING A TRUE COPY OF THIS WRIT WITH THE DATE AND
OUR OF SERVICE ENDORSED THEREON BY ME, TOGETHER WITH A COPY OF THE COMPLAINT
R PETITION, TO A CONSPICUOUS PLACE ON THE PROPERTY DESCRIBED WITHIN.

. POSTED RESIDENTIAL: BY ATTACHING A TRUE COPY OF THIS WRIT WITH THE DATE AND
OUR OF SERVICE ENDORSED THEREON BY ME TOGETHER WITH A COPY OF THE COMPLAINT
R PETITION, TO A CONSPICUOUS PLACE ON THE PROPERTY DESCRIBED WITHIN. THE ABOVE
AMED TENANT COULD NOT BE FOUND AND THERE WAS NO PERSON RESIDING THEREIN,
IFTEEN YEARS OR OLDER UPON WHOM SERVICE COULD BE MADE.

. NOTICE OF UNEXECUTED: PAPERS RETURNED THE SAME UNEXECUTED AS TO THE WITHIN
AMED DEFENDANT/WITNESS FOR THE REASON THAT AFTER DILIGENT SEARCH FAILED TO
IND SAID DEFENDANT/WITNESS IN MONROE COUNTY, FLORIDA.

**SHERIFF'S OFFICE** _Monroe_ **County, Florida**

_KW_ , **Florida,** _11-24-_ , **20** _03_   0042472

**Received from** _David G. Audlin, Jr._

**the sum of** _Twenty_ **as follows:**

| | | | |
|---|---|---|---|
| **Fine** | $ | **Defendant** | |
| **Deposit** | $ _20.00_ | **Account of** _Klein_ | |
| **Costs** | $ | **Case of** _Klein_ vs _City of_ **No.** _CAK-_ |
| **Suspense** | $ | **Case of** vs. _KW_ **No.** _03-_ |
| **Cash Bond** | $ | **Bond Nos.** _1407_ |
| **Other** | $ | **For** _1 Subp_ |
| **Total** | $ _20.00_ | | |

**Cash** _____ **Check** _3584_

**Entered** _R.Roth_ _____ **Sheriff  By** _Y Valdez_ **DS**

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA
CIVIL DIVISION

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,                                    CASE NO:  CAK-02-1407
      Plaintiff,

v.

CITY OF KEY WEST, a FLORIDA,
Municipal Corporation & JOHN DOE,
Police Officer of the City of Key West,
      Defendant(s).
_____/

## NOTICE OF PRODUCTION FROM NON-PARTIES

    **YOU ARE HEREBY NOTIFIED** that after 10 days from the date of service of this
notice, if service is by delivery/facsimile, or 15 days from the date of service, if service is by
mail, and if no objection is received from any party, the undersigned will issue the attached
subpoena directed to:

Monroe County Sheriff's Office
5525 Jr. College Road
Key West, Florida 33040
Attn: Mark Willis, Esq.

who are not parties and whose addresses are listed on the subpoena to produce the items listed at
the time and place specified in the subpoena.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via
facsimile and/or U.s. Mail to George Blutstein, Esq., Attorney for Plaintiff,  4700-B Sheridan
Street, Hollywood, Florida 33021 on this _14_ day of November, 2003.

Respectfully submitted,

David J. Audlin, Jr.
Special Counsel for City of Key West
415 Eaton Street
Key West, FL  33040
Tel. (305) 294-3002
Fax (305) 294-0943
Fla. Bar No. 434132

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/                                CASE NO.: CA-K-02-1407
PATRICIA LAUFER,
    Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
    Defendant(s).
_____/

## NOTICE OF TAKING DEPOSITION

    **PLEASE TAKE NOTICE** that the undersigned, pursuant to FRCP 1.390, will take the deposition of the following person, at the time designated below, in the presence of a notary public or some other person authorized by law to take deposition of **Patricia Klein at 9:00 a.m., on Thursday, December 4$^{h}$, 2003, before All Keys Reporting, 600 Whitehead Street, Conference Room 206 ( at top of stairs),** Key West, Florida, 33040.

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. mail and/or facsimile to George J. Blutstein, Esq.,  Attorney for Plaintiff, 4700-B Sheridan Street, Hollywood, Florida 33021 on this ___ day of November, 2003.

Respectfully submitted,

David J. Audlin, Jr.
Special Counsel for City of Key West
415 Eaton Street
Key West, FL 33040
Fla. Bar No. 434132
Tel. (305) 294-3002
Fax (305) 293-0943

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,                                    CASE NO.: CA-K-02-1407
           Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
           Defendant(s).
_____/

### DEFENDANT CITY OF KEY WEST'S
### FIRST REQUEST TO PRODUCE TO PLAINTIFF

COMES NOW, Defendant City of Key West, through counsel undersigned, and files its

Request to Produce to Plaintiff, Patricia Klein, to be produced within 30 days from the date of

service thereof plus five days for mailing, pursuant to FRCP 1.350, and requests the following

documents:

    1.    All documents or the other evidence supporting allegations made in the
Complaint.

    2.    All medical records or bills for medical services incurred by Plaintiff from 1996
to the present.

    3.    All documents supporting Plaintiff's claim of damages.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by Facsimile and/or U.S. Mail to George J. Blutstein, Esq., 4700-B Sheridan Street Hollywood, Florida 33201; this  /○  day of November, 2003.

David J. Audlin, Jr.,
Attorney for Defendant, City of Key West
Fla. Bar No. 434132
415 Eaton street
Key West, Florida 33040
Tel : (305)294-3002
Fax : (305)294-0943

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/                          CASE NO.: CA-K-02-1407
PATRICIA LAUFER,
      Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal Corporation, & JOHN DOE,
Police Officer of the City of Key West,
      Defendant(s).
_____/

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that David J. Audlin, Jr., Attorney at Law hereby enters

his appearance as Co-counsel for the City of Key West, in the above referenced case.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been
furnished via facsimile and/or US Mail to George J. Blutstein, Esq. Attorney for Plaintiff
at 4700-B Sheridan Street, Hollywood, Florida 33021 on this _____ day of
November, 2003.

David J. Audlin, Jr.,
Fla. Bar No. 434132
415 Eaton Street
Key West, Florida 33040
(305) 294-3002
(305) 294-0943

## IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## IN AND FOR MONROE COUNTY, FLORIDA

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,                                CASE NO.:  CA K-02-1407
       Plaintiff,

vs.

CITY OF KEY WEST, a Florida
Municipal corporation, & JOHN DOE,
Police Officer of the City of Key West,
       Defendant(s).
_____/

### NOTICE OF SERVICE OF DEFENDANT CITY OF KEY WEST'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

    COMES NOW, Defendant City of Key West, through counsel undersigned, and propounds the following Interrogatories to Plaintiff, Patricia Klein, to be answered under oath and in writing, within 30 days from the date of service thereof plus five days for mailing, pursuant to FRCP 1.340.

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by facsimile and/or U.S. Mail to George J. Blutstein, Esq., Attorney for Plaintiff, at 4700-B Sheridan Street, Hollywood, Florida 33021 on this _____ day of November, 2003.

David J. Audlin, Jr.
415 Eaton Street
Key West, FL 33040
Tel. (305) 294-3002
Fax (305) 294-0943
Fla. Bar No. 434132

## DEFENDANT CITY OF KEY WEST'S FIRST SET OF INTERROGATORIES TO PLAINTIFF PATRICIA KLEIN

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

3. List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

4.   Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

5.   Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If yes, state as to each conviction the specific crime and the date and place of conviction.

6.   Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint? If so, what was the nature of the infirmity, disability, or sickness?

7.    Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

8.    Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

9.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

10.   Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the Complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

11.   Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

12.   List each item of expense or damage, other than loss of income or earning capacity, that you claim to have occurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

13.    Do you content that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing this amount.

14.    Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories? If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

15.    List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

16. List the names and business addresses of all other physicians, medical facilities, or other health care providers, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

17. List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

18. Have you heard or do you know about any statement or remark made by or on your behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

19.   State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, video-tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item each person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

20.   Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

21.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

22.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

_____

PATRICIA KLEIN

STATE OF FLORIDA          )

COUNTY OF MONROE       )

BEFORE ME, the undersigned authority, personally appeared PATRICIA KLEIN who is personally known to me or produced _____ as identification, and who, being first duly sworn, on oath and deposes and says that the foregoing Answers to Interrogatories are true and correct and that she has read the Answers to Interrogatories and knows the contents thereof.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2000.

_____

NOTARY PUBLIC

My Commission Expires:

DISC
CUTOFF
11/28

## IN THE CIRCUIT COURT OF THE 16ᵀᴴ JUDICIAL CIRCUIT
## OF THE STATE OF FLORIDA, IN AND FOR MONROE COUNTY

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

      Plaintiff(s),

vs.                        Case No.: 2002-CA-1407-K

CITY OF KEY WEST, a Florida
Municipal corporation, & JOHN
DOE, police officer of the City
Of Key West,

      Defendant

OCT 0 3 2003

_____/

## ORDER SETTING JURY TRIAL
## AND DIRECTING PRE-TRIAL PROCEDURE

    It appearing that this case is at issue and can be set for trial, it is ORDERED as follows:

A.    **TRIAL DATE**.

    This case is set for jury trial during the two (2) week period commencing <u>January 12, 2004,</u> at 9:00 a.m., in Courtroom A, Courthouse Annex, 502 Whitehead Street, Key West, Florida.  The first day of the trial period is hereinafter referred to as the "trial date".

B.    **PRE-TRIAL CONFERENCE DATE**

    **Docket sounding (calendar call) will be held in Judge's Chambers, Room 402, Courthouse Annex, 502 Whitehead Street, Key West, Florida, on <u>December 16, 2003, at 1:00 p.m.</u>  Appearance at docket sounding by counsel and all unrepresented parties is mandatory.  Failure to attend docket sounding may result in the dismissal of this action, the entry of a default or other appropriate sanctions.  NO MOTIONS WILL BE HEARD AT DOCKET SOUNDING, EXCEPT MOTIONS IN LIMINE.**

    C.    **FAMILIARITY WITH THIS ORDER.**  Counsel and all unrepresented parties shall read this Order and the attached Uniform Pretrial Procedures in Civil Actions, be familiar with its contents and comply with the requirements of both.  Material non-compliance with this Order or the Uniform Pretrial Procedures in Civil Actions by counsel or any party will subject the offending counsel or parties to appropriate sanctions which may include; but are not limited to, contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate,

**BY ORDER OF THE COURT**, each party and all counsel shall comply with the following Uniform Pretrial Procedures in Civil Actions:

1.    **REFERRAL TO MEDIAITON; DEADLINE.**

(a)    Unless this matter has been previously mediated or is excluded from mediation by Fla.R.Civ.P. 1.710(b), this case is hereby referred to mediation in accordance with Fla.R.Civ.P. 1.700, et seq.  Plaintiff's counsel (or Defendant's counsel, if Plaintiff is unrepresented), shall submit a mutually agreeable mediation order to the Court at least seventy-five (75) days prior to docket sounding.  If the parties are unable to agree on a mediator and a place and time for mediation, counsel shall promptly notify the Court.

(b)    **Mediation shall be completed and the mediation report filed with the Court prior to docket sounding.  The requirement to mediate this case cannot be waived by agreement of the parties.**

2.    **WITNESS LISTS.**

(a)    **EXPERT WITNESSES.**  No less than seventy-five (75) days before docket sounding, each party seeking affirmative relief will file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party is good faith expects to call as a witness at trial.  No later than sixty (60) days before docket sounding, each party not seeking affirmative relief shall file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party in good faith expects to call as a witness at trial.  For each expert witness listed, the noticing party shall designate his/her area of expertise (i.e. "accident reconstruction", "economist", "treating orthopedic physician" etc.).

(b)    **NON-EXPERT WITNESSES.**  No less than sixty (60) days prior to docket sounding, each party will file with the Court and serve on all other parties a notice containing the names and addresses of each non-expert witness whom the noticing party in good faith expects to call as a witness at trial.

(c)    A party may amend or supplement his/her witness list without leave of court at any time until the deadline for the filing of witness lists set forth in paragraphs 2(a) and (b) above.  If a witness list is amended or supplemented, it shall be restated in full.

(d)    Absent good cause, no witness shall be permitted to testify unless the party calling that witness has complied with this Order.

(e)    All expert witnesses must be ready to testify and be reasonably available for deposition no less than thirty (30) days before docket sounding.

(f)    The Court may, on its own motion or on the motion of any party, limit the number of experts or other witnesses permitted to testify at trial.

3.    **DISCOVERY.**

(a)     Except as otherwise provided herein or agreed to by the parties in writing, discovery shall remain open until ten (10) days prior to the trial date.

(b)     No interrogatories, requests to produce or requests for admissions shall be served later than forty-five (45) days prior to the trial date.  Exceptions shall be permitted only by written stipulation of the parties or by Court order.

4.   **CONTINUANCES.**  Motions for continuance must be in writing and specifically set forth:  (a) the reason for the requested continuance; (b) if any party objects to the requested continuance and; (c) when it is anticipated the case will be ready for trial.  The rule requires that the party (not just the attorney) requesting the continuance should sign the motion or stipulation.  Fla. R. Jud. Admin. 2.085(c).  If the requested continuance is based on the unavailability of a witness, the court must be advised of when it is believed the witness will be available.  The inability to require the attendance of a witness at trial shall not be the basis for continuance of the trial unless a witness subpoena was issued and served on the witness (or was attempted to be served on the witness) at least ten (10) days prior to the trial date.

5.   **PRETRIAL MOTIONS.**

(a)     **DEADLINES FOR MOTIONS.**  Motions filed within thirty (30) days of the trial date will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least (thirty (30) days prior to the trial date.  Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline.  The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

(b)     **MOTIONS GENERALLY.**  The failure of a party to call up for hearing any timely filed motion at least ten (10) days prior to the trial date may constitute a waiver thereof unless the grounds therefore did not exist or the party was not aware of the grounds for the motion(s) prior to the filing of such motion(s) after the exercise of reasonable diligence.

(c)     **CERTIFICATE OF GOOD FAITH.**  Before any motion is filed, the moving party shall contact the opposing party and attempt, in good faith, to amicably resolve the issues raised by the motion(s).  Each motion shall contain a certificate of the movant's attorney if represented (or the moving party if unrepresented) certifying his/her compliance with this requirement.  This provision does not apply to motions for summary judgment or other case dispositive motions.

(d)     *FRYE* **TEST HEARINGS.**  Any challenge to the admissibility of evidence at trial asserted to be 'novel scientific evidence" in accordance with the principals set forth in *Frye v. United States*, 293 Fed. 1013 (D.C. Cir. 1923), must be raised by a motion in limine filed at least thirty (30) days prior to the trial date.  See, *Hadden v. State*, 690 so.2d 573 (Fla. 1997); *Ramirez v. State*, 651 So.2d 1164 (Fla. 1995); *Flanagan v. State*, 625 So.2d 827 (Fla. 1993).  Failure to meet either deadline without just cause shall be deemed a waiver.

6.   **COURT REPORTER.**  The parties shall coordinate the scheduling of a court reporter if a reporter is desired.

7. **SETTLEMENT.** If this case is settled or is dismissed prior to the trial date, the parties shall promptly notify the court by telephone and confirm the settlement or dismissal in writing. **A notice of voluntary dismissal or joint motion to dismiss shall be submitted to the court within thirty (30) days after the Court is first advised of the settlement.**

8. **PRETRIAL MEETING OF ATTORNEYS AND UNREPRESENTED PARTIES.**

(a) **MANDATORY PRETRIAL MEETING.** No later than ten (10) days prior to docket sounding (or ten (10) days prior to the pretrial conference, if one is scheduled), trial counsel and all unrepresented parties shall meet together. Attendance at his meeting (in person or by telephone) is mandatory. Plaintiff's attorney (or if Plaintiff is unrepresented, Defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting. If the parties are unable to agree, counsel shall promptly notify the court in writing and the court will then set the time, date and place for the meeting.

At the pretrial meeting, the attorneys and unrepresented parties shall:

(1) Discuss and attempt to settle the case

(2) Produce, examine and initial every evidentiary exhibit intended to be offered at trial; agree on those which can be admitted as joint exhibits, those which ca be admitted without objection, and identify those to which objections will be made and the grounds for each objection, and note this on a separate copy of each party's exhibit list. Objections not reserved or grounds not noted on the annotated exhibit lists will be deemed waived at trial. The annotated copies of the exhibit lists will be attached to and made a part of the joint pretrial statement required by paragraph 8(b) of this Order. **Any listed exhibit not objected to will be admitted into evidence.**

(3) Review the witness lists and note on a separate copy, which witnesses and depositions the parties in good faith anticipate will actually be used at trial. The annotated copies of the witness lists will be attached to the joint pretrial statement required by paragraph 8(b) of this Order.

(4) Discuss and stipulate as to those facts which do not require proof at trial.

(5) Discuss, clarify and frame all factual issues to be tried.

(6) Identify all significant issues of law, procedure or evidence to be decided by the Court prior to or during trial.

(7) Agree upon and draft a concise but complete statement of the case to be read by the Court to the jury at the beginning of the case, if a jury trial.

(8) Attempt to agree upon the number of peremptory challenges, if a jury trial.

(9)     Discuss and attempt to agree upon any other matters which will lead to a more orderly trial (e.g., copies in lieu of originals, witnesses out of turn, how depositions will be presented, the treatment of collateral source set-offs, the need to call records custodians, etc.)

(b)     **JOINT PRETRIAL STATEMENT.** Following the meeting required by paragraph 8(a), Plaintiff's attorney (or Defendant's attorney, if Plaintiff is unrepresented) shall prepare and present to opposing counsel and all unrepresented parties a proposed joint pretrial statement. The statement shall be signed by all attorneys and unrepresented parties. The original shall be filed with the Clerk and one copy shall be mailed or delivered to the Judge no later than docket sounding; provided, however, that if the Court schedules a pretrial conference, the joint pretrial statement shall be provided to the court at or before the pretrial conference. To the extent the parties differ as to how portions of the pretrial statement should read, the differing views should be set forth in the statement.

The pretrial statement shall contain the following items in the following format:

** **NOTE: Counsel may not simply reference witnesses or exhibits previously filed, but must list same as though never listed previously.**

(1)     A statement of the case to be read to the jury, if a jury trial.

(2)     A statement of facts, which are admitted, and which of those admitted facts may be read in evidence at trial as a stipulation of the parties.

(3)     A list of issues raised by the pleadings that are abandoned.

(4)     A list of the issues of fact to be tried (framed as they would be set forth in an interrogatory verdict).

(5)     A list of significant issues of law, procedure or evidence to be determined by the court prior to or during trial.

(6)     An itemized list of special damages that each party claiming special damages expects to prove.

(7)     The annotated copy of each party's list of exhibits showing objections required by paragraph 8(a)(2) of this Order.

(8)     The annotated copy of each party's witness list required by paragraph 8(a)(3) of this Order.

(9)     The number of peremptory challenges agreed upon or requested, if no agreement is reached, if a jury trial.

(10)    A current estimate of the number of days required for trial and the time requested for opening statements.

(11)    Any other agreed matters.

9.   **JURY INSTRUCTIONS.** If this case is scheduled for a jury trial, no later than the beginning of trial, each party shall submit to the court an original and one copy of that party's proposed jury instructions and verdict form. Each jury instruction shall be on a separate page; shall contain citations of supporting authorities, if any; shall designate the party submitting the instruction; and shall be numbered in sequence. Counsel shall confer prior to trial and attempt to agree ton the jury instructions and verdict form. This paragraph shall not foreclose the right of each party to modify proposed instructions up to and including the charge conference at the close of evidence.

10.   **INCONSISTENCY WITH CASE MANAGEMENT ORDER.** If any provision of this order is inconsistent with any case management order entered in this case, the case management order will govern.

11.   **MARKING EXHIBITS BEFORE TRIAL.** Each party shall, at a reasonable time prior to trial, meet with the Judge's Court Clerk and assist the Clerk in marking all exhibits for identification in the manner directed by the Clerk.

12.   **EXTENSION OF TIME LIMITS.** No extension of deadlines or compliance dates established by this Order is permitted if the extension or modification would cause a continuance of the trial or would prevent the completion of mediation prior to docket sounding. Any extension or modification agreed to shall be by written stipulation signed by all parties to this action and filed with the Court. Any other extension of the deadlines or compliance dates established herein or modifications of this Order requires court approval.

13.   **STANDARDS OF CONDUCT.** Conduct that may be characterized as uncivil, abusive, hostile or obstructive impedes the fundamental goal of resolving cases fairly and efficiently and will not be tolerated. Such conduct tends to delay and deny justice. Accordingly, in addition to the standards imposed on all attorneys by the Florida code of Professional Responsibility, the following standards will apply to all attorneys and parties to this action:

(a)   All attorneys, parties and witnesses will be treated in a civil and courteous manner, not only in court, but at depositions and in all written and oral communications.

(b)   No attorney or party will abuse or indulge in offensive conduct directed to other attorneys, parties or witnesses. Counsel and all parties shall abstain from disparaging personal remarks or acrimony towards other attorneys, parties or witnesses. Adverse witnesses and parties will be treated with fair consideration.

(c)   Absent good cause, no attorney or party shall attribute bad motives or improper conduct to opposing counsel or any adverse party or bring the legal profession into disrepute by unfounded accusations of impropriety.

(d)   All attorneys and parties shall make good faith efforts to resolve by agreement any objections to matters contained in pleadings, discovery requests or objections.

(e)     No attorney or unrepresented party shall time the filing or service of motions or pleadings in any way that unfairly limits the other party's opportunity to respond and will consult with each other regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

(f)     All attorneys and parties shall make all reasonable efforts to expedite this litigation.

(g)     Counsel shall strictly abide by Fla. Bar Code Prof. Resp. Rule 4.3-6 regarding trial publicity.

(h)     Before hearings are scheduled, or if that is not feasible, immediately thereafter, counsel and all unrepresented parties will attempt to verify the availability of necessary participants and witnesses so that the court can be notified of any foreseeable problems.

(i)     Nothing in this Order supersedes or detracts from the code of Professional Responsibility or alters existing standards of conduct.  Counsel and all parties shall comply with the court conduct Handbook on Gender Equality in the Courts.

14.   **SANCTIONS.** The unexcused failure of counsel or any party to comply with the requirements of this Order will subject the offending counsel or party to appropriate sanctions which may include, but are not limited to contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate.

## ATTENTION: PERSONS WITH DISABILITIES

In accordance with the American With disabilities Act, persons needing a special accommodation to participate in this proceeding should contact Theresa Westerfield, court Administrator, not later than seven (7) days prior to the proceeding, at Room 302, courthouse Annex, 502 Whitehead Street, Key West, Florida 33040. Telephone: 305-292-3423; 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service. **THIS IS NOT A COURT INFORMATION LINE.**

| **COMPLIANCE TIMES UNDER UNIFORM PRETRIAL PROCEDURES IN CIVIL ACTIONS** | |
|---|---|
| A. Submission of agreed mediation order | 75 days before docket sounding |
| B. Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| C. Disclosure of non-expert witnesses | 60 days before docket sounding |
| D. Cut-off for Interrogatories, requests to produce and requests for admission | 45 days before trial date |

E. Cut-off for filing of pretrial motions      30 days before trial date

F. Issuance and service of trial      10 days before trial date
   subpoenas, if to be grounds for
   continuance

G. Discovery cut-off (except see D      10 days before trial date
   above)

H. Hearing cut-off      10 days before trial date

I. Pretrial meeting      10 days before docket sounding or 10
   days before pretrial conference,
   whichever occurs first

J. Mediation completed and report      Any time prior to docket sounding
   filed

K. Pretrial statement delivered to      At docket sounding or at the pretrial
   Court      conference, whichever occurs first

L. Jury instructions filed with Clerk      Beginning of trial
   and delivered to Court

**DONE AND ORDERED** at Key West, Monroe County, Florida, this 1$^{st}$ day of October, 2003.

_____

CIRCUIT JUDGE

I HEREBY CERTIFY that copies of the foregoing order have been forwarded to counsel of record this ⟨2⟩ day of October, 2003.

_____
Judicial Assistant

cc:      George J. Blutstein, Esq.
        4700-B Sheridan Street
        Hollywood, Florida 33021

        S. Brandon Dimando, Esq.
        605-B Simonton Street
        Key West, Florida 33040

**IN THE CIRCUIT COURT OF THE 16ᵀᴴ JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR MONROE COUNTY**

PATRICIA KLEIN, f/k/a
PATRICIA LAUFER,

     Plaintiff(s),

vs.                         Case No.:  2002-CA-1407-K

CITY OF KEY WEST, a Florida
Municipal corporation, & JOHN
DOE, police officer of the City
Of Key West,

     Defendant
_____/

**ORDER SETTING JURY TRIAL
AND DIRECTING PRE-TRIAL PROCEDURE**

It appearing that this case is at issue and can be set for trial, it is ORDERED as follows:

A.    **TRIAL DATE.**

    This case is set for jury trial during the two (2) week period commencing **January 12, 2004, at 9:00 a.m.**, in Courtroom A, Courthouse Annex, 502 Whitehead Street, Key West, Florida.  The first day of the trial period is hereinafter referred to as the "trial date".

B.    **PRE-TRIAL CONFERENCE DATE**

    **Docket sounding** (calendar call) will be held in **Judge's Chambers, Room 402, Courthouse Annex, 502 Whitehead Street, Key West, Florida, on December 16, 2003, at 1:00 p.m.** Appearance at docket sounding by counsel and all unrepresented parties is mandatory.  Failure to attend docket sounding may result in the dismissal of this action, the entry of a default or other appropriate sanctions.  NO MOTIONS WILL BE HEARD AT DOCKET SOUNDING, EXCEPT MOTIONS IN LIMINE.**

    C.    **FAMILIARITY WITH THIS ORDER.**  Counsel and all unrepresented parties shall read this Order and the attached Uniform Pretrial Procedures in Civil Actions, be familiar with its contents and comply with the requirements of both.  Material non-compliance with this Order or the Uniform Pretrial Procedures in Civil Actions by counsel or any party will subject the offending counsel or parties to appropriate sanctions which may include; but are not limited to, contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate,

**BY ORDER OF THE COURT**, each party and all counsel shall comply with the following Uniform Pretrial Procedures in Civil Actions:

1.     **REFERRAL TO MEDIAITON; DEADLINE.**

(a)     Unless this matter has been previously mediated or is excluded from mediation by Fla.R.Civ.P. 1.710(b), this case is hereby referred to mediation in accordance with Fla.R.Civ.P. 1.700, et seq. Plaintiff's counsel (or Defendant's counsel, if Plaintiff is unrepresented), shall submit a mutually agreeable mediation order to the Court at least seventy-five (75) days prior to docket sounding. If the parties are unable to agree on a mediator and a place and time for mediation, counsel shall promptly notify the Court.

(b)     **Mediation shall be completed and the mediation report filed with the Court prior to docket sounding. The requirement to mediate this case cannot be waived by agreement of the parties.**

2.     **WITNESS LISTS.**

(a)     **EXPERT WITNESSES.** No less than seventy-five (75) days before docket sounding, each party seeking affirmative relief will file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party is good faith expects to call as a witness at trial. No later than sixty (60) days before docket sounding, each party not seeking affirmative relief shall file with the Court and serve on all other parties a notice containing the names, addresses and telephone numbers of each expert witness whom the noticing party in good faith expects to call as a witness at trial. For each expert witness listed, the noticing party shall designate his/her area of expertise (i.e. "accident reconstruction", "economist", "treating orthopedic physician" etc.).

(b)     **NON-EXPERT WITNESSES.** No less than sixty (60) days prior to docket sounding, each party will file with the Court and serve on all other parties a notice containing the names and addresses of each non-expert witness whom the noticing party in good faith expects to call as a witness at trial.

(c)     A party may amend or supplement his/her witness list without leave of court at any time until the deadline for the filing of witness lists set forth in paragraphs 2(a) and (b) above. If a witness list is amended or supplemented, it shall be restated in full.

(d)     Absent good cause, no witness shall be permitted to testify unless the party calling that witness has complied with this Order.

(e)     All expert witnesses must be ready to testify and be reasonably available for deposition no less than thirty (30) days before docket sounding.

(f)     The Court may, on its own motion or on the motion of any party, limit the number of experts or other witnesses permitted to testify at trial.

3.     **DISCOVERY.**

(a)     Except as otherwise provided herein or agreed to by the parties in writing, discovery shall remain open until ten (10) days prior to the trial date.

(b)     No interrogatories, requests to produce or requests for admissions shall be served later than forty-five (45) days prior to the trial date. Exceptions shall be permitted only by written stipulation of the parties or by Court order.

4.     **CONTINUANCES.** Motions for continuance must be in writing and specifically set forth: (a) the reason for the requested continuance; (b) if any party objects to the requested continuance and; (c) when it is anticipated the case will be ready for trial. The rule requires that the party (not just the attorney) requesting the continuance should sign the motion or stipulation. Fla. R. Jud. Admin. 2.085(c). If the requested continuance is based on the unavailability of a witness, the court must be advised of when it is believed the witness will be available. The inability to require the attendance of a witness at trial shall not be the basis for continuance of the trial unless a witness subpoena was issued and served on the witness (or was attempted to be served on the witness) at least ten (10) days prior to the trial date.

5.     **PRETRIAL MOTIONS.**

(a)     **DEADLINES FOR MOTIONS.** Motions filed within thirty (30) days of the trial date will not be considered if predicated on matters the movant knew or should have known with the exercise of reasonable diligence at least (thirty (30) days prior to the trial date. Because of busy court calendars, hearing time may not be available to consider motions filed close to the deadline. The inability of a party to obtain hearing time will generally not constitute grounds for a continuance of the trial.

(b)     **MOTIONS GENERALLY.** The failure of a party to call up for hearing any timely filed motion at least ten (10) days prior to the trial date may constitute a waiver thereof unless the grounds therefore did not exist or the party was not aware of the grounds for the motion(s) prior to the filing of such motion(s) after the exercise of reasonable diligence.

(c)     **CERTIFICATE OF GOOD FAITH.** Before any motion is filed, the moving party shall contact the opposing party and attempt, in good faith, to amicably resolve the issues raised by the motion(s). Each motion shall contain a certificate of the movant's attorney if represented (or the moving party if unrepresented) certifying his/her compliance with this requirement. This provision does not apply to motions for summary judgment or other case dispositive motions.

(d)     ***FRYE* TEST HEARINGS.** Any challenge to the admissibility of evidence at trial asserted to be 'novel scientific evidence" in accordance with the principals set forth in *Frye v. United States*, 293 Fed. 1013 (D.C. Cir. 1923), must be raised by a motion in limine filed at least thirty (30) days prior to the trial date. See, *Hadden v. State*, 690 so.2d 573 (Fla. 1997); *Ramirez v. State*, 651 So.2d 1164 (Fla. 1995); *Flanagan v. State*, 625 So.2d 827 (Fla. 1993). Failure to meet either deadline without just cause shall be deemed a waiver.

6.     **COURT REPORTER.** The parties shall coordinate the scheduling of a court reporter if a reporter is desired.

7.    **SETTLEMENT.** If this case is settled or is dismissed prior to the trial date, the parties shall promptly notify the court by telephone and confirm the settlement or dismissal in writing. **A notice of voluntary dismissal or joint motion to dismiss shall be submitted to the court within thirty (30) days after the Court is first advised of the settlement.**

8.    **PRETRIAL MEETING OF ATTORNEYS AND UNREPRESENTED PARTIES.**

(a)    **MANDATORY PRETRIAL MEETING.** No later than ten (10) days prior to docket sounding (or ten (10) days prior to the pretrial conference, if one is scheduled), trial counsel and all unrepresented parties shall meet together. Attendance at his meeting (in person or by telephone) is mandatory. Plaintiff's attorney (or if Plaintiff is unrepresented, Defendant's attorney) shall arrange a mutually agreeable time, date and place for this meeting. If the parties are unable to agree, counsel shall promptly notify the court in writing and the court will then set the time, date and place for the meeting.

At the pretrial meeting, the attorneys and unrepresented parties shall:

(1)    Discuss and attempt to settle the case

(2)    Produce, examine and initial every evidentiary exhibit intended to be offered at trial; agree on those which can be admitted as joint exhibits, those which ca be admitted without objection, and identify those to which objections will be made and the grounds for each objection, and note this on a separate copy of each party's exhibit list. Objections not reserved or grounds not noted on the annotated exhibit lists will be deemed waived at trial. The annotated copies of the exhibit lists will be attached to and made a part of the joint pretrial statement required by paragraph 8(b) of this Order. **Any listed exhibit not objected to will be admitted into evidence.**

(3)    Review the witness lists and note on a separate copy, which witnesses and depositions the parties in good faith anticipate will actually be used at trial. The annotated copies of the witness lists will be attached to the joint pretrial statement required by paragraph 8(b) of this Order.

(4)    Discuss and stipulate as to those facts which do not require proof at trial.

(5)    Discuss, clarify and frame all factual issues to be tried.

(6)    Identify all significant issues of law, procedure or evidence to be decided by the Court prior to or during trial.

(7)    Agree upon and draft a concise but complete statement of the case to be read by the Court to the jury at the beginning of the case, if a jury trial.

(8)    Attempt to agree upon the number of peremptory challenges, if a jury trial.

(9)    Discuss and attempt to agree upon any other matters which will lead to a more orderly trial (e.g., copies in lieu of originals, witnesses out of turn, how depositions will be presented, the treatment of collateral source set-offs, the need to call records custodians, etc.)

(b)    **JOINT PRETRIAL STATEMENT.** Following the meeting required by paragraph 8(a), Plaintiff's attorney (or Defendant's attorney, if Plaintiff is unrepresented) shall prepare and present to opposing counsel and all unrepresented parties a proposed joint pretrial statement. The statement shall be signed by all attorneys and unrepresented parties. The original shall be filed with the Clerk and one copy shall be mailed or delivered to the Judge no later than docket sounding; provided, however, that if the Court schedules a pretrial conference, the joint pretrial statement shall be provided to the court at or before the pretrial conference. To the extent the parties differ as to how portions of the pretrial statement should read, the differing views should be set forth in the statement.

The pretrial statement shall contain the following items in the following format:

** **NOTE: Counsel may not simply reference witnesses or exhibits previously filed, but must list same as though never listed previously.**

(1)    A statement of the case to be read to the jury, if a jury trial.

(2)    A statement of facts, which are admitted, and which of those admitted facts may be read in evidence at trial as a stipulation of the parties.

(3)    A list of issues raised by the pleadings that are abandoned.

(4)    A list of the issues of fact to be tried (framed as they would be set forth in an interrogatory verdict).

(5)    A list of significant issues of law, procedure or evidence to be determined by the court prior to or during trial.

(6)    An itemized list of special damages that each party claiming special damages expects to prove.

(7)    The annotated copy of each party's list of exhibits showing objections required by paragraph 8(a)(2) of this Order.

(8)    The annotated copy of each party's witness list required by paragraph 8(a)(3) of this Order.

(9)    The number of peremptory challenges agreed upon or requested, if no agreement is reached, if a jury trial.

(10)   A current estimate of the number of days required for trial and the time requested for opening statements.

(11)   Any other agreed matters.

9.    **JURY INSTRUCTIONS.** If this case is scheduled for a jury trial, no later than the beginning of trial, each party shall submit to the court an original and one copy of that party's proposed jury instructions and verdict form. Each jury instruction shall be on a separate page; shall contain citations of supporting authorities, if any; shall designate the party submitting the instruction; and shall be numbered in sequence. Counsel shall confer prior to trial and attempt to agree ton the jury instructions and verdict form. This paragraph shall not foreclose the right of each party to modify proposed instructions up to and including the charge conference at the close of evidence.

10.    **INCONSISTENCY WITH CASE MANAGEMENT ORDER.** If any provision of this order is inconsistent with any case management order entered in this case, the case management order will govern.

11.    **MARKING EXHIBITS BEFORE TRIAL.** Each party shall, at a reasonable time prior to trial, meet with the Judge's Court Clerk and assist the Clerk in marking all exhibits for identification in the manner directed by the Clerk.

12.    **EXTENSION OF TIME LIMITS.** No extension of deadlines or compliance dates established by this Order is permitted if the extension or modification would cause a continuance of the trial or would prevent the completion of mediation prior to docket sounding. Any extension or modification agreed to shall be by written stipulation signed by all parties to this action and filed with the Court. Any other extension of the deadlines or compliance dates established herein or modifications of this Order requires court approval.

13.    **STANDARDS OF CONDUCT.** Conduct that may be characterized as uncivil, abusive, hostile or obstructive impedes the fundamental goal of resolving cases fairly and efficiently and will not be tolerated. Such conduct tends to delay and deny justice. Accordingly, in addition to the standards imposed on all attorneys by the Florida code of Professional Responsibility, the following standards will apply to all attorneys and parties to this action:

(a)    All attorneys, parties and witnesses will be treated in a civil and courteous manner, not only in court, but at depositions and in all written and oral communications.

(b)    No attorney or party will abuse or indulge in offensive conduct directed to other attorneys, parties or witnesses. Counsel and all parties shall abstain from disparaging personal remarks or acrimony towards other attorneys, parties or witnesses. Adverse witnesses and parties will be treated with fair consideration.

(c)    Absent good cause, no attorney or party shall attribute bad motives or improper conduct to opposing counsel or any adverse party or bring the legal profession into disrepute by unfounded accusations of impropriety.

(d)    All attorneys and parties shall make good faith efforts to resolve by agreement any objections to matters contained in pleadings, discovery requests or objections.

(e)     No attorney or unrepresented party shall time the filing or service of motions or pleadings in any way that unfairly limits the other party's opportunity to respond and will consult with each other regarding scheduling matters in a good faith effort to avoid scheduling conflicts.

(f)     All attorneys and parties shall make all reasonable efforts to expedite this litigation.

(g)     Counsel shall strictly abide by Fla. Bar Code Prof. Resp. Rule 4.3-6 regarding trial publicity.

(h)     Before hearings are scheduled, or if that is not feasible, immediately thereafter, counsel and all unrepresented parties will attempt to verify the availability of necessary participants and witnesses so that the court can be notified of any foreseeable problems.

(i)     Nothing in this Order supersedes or detracts from the code of Professional Responsibility or alters existing standards of conduct.  Counsel and all parties shall comply with the court conduct Handbook on Gender Equality in the Courts.

14.     **SANCTIONS.**  The unexcused failure of counsel or any party to comply with the requirements of this Order will subject the offending counsel or party to appropriate sanctions which may include, but are not limited to contempt, dismissal, default, the striking of pleadings, claims or defenses, the exclusion of evidence or witnesses, the assessment of fees or costs, or such other sanctions as may be appropriate.

## ATTENTION:  PERSONS WITH DISABILITIES

In accordance with the American With disabilities Act, persons needing a special accommodation to participate in this proceeding should contact Theresa Westerfield, court Administrator, not later than seven (7) days prior to the proceeding, at Room 302, courthouse Annex, 502 Whitehead Street, Key West, Florida 33040. Telephone: 305-292-3423; 1-800-955-8771 (TDD), or 1-800-955-8770 (V), via Florida Relay Service. **THIS IS NOT A COURT INFORMATION LINE.**

| | **COMPLIANCE TIMES UNDER UNIFORM PRETRIAL PROCEDURES IN CIVIL ACTIONS** |
|---|---|
| A. Submission of agreed mediation order | 75 days before docket sounding |
| B. Disclosure of expert witnesses | 75 days before docket sounding for parties seeking affirmative relief; 60 days before docket sounding for parties not seeking affirmative relief |
| C. Disclosure of non-expert witnesses | 60 days before docket sounding |
| D. Cut-off for Interrogatories, requests to produce and requests for admission | 45 days before trial date |

| | |
|---|---|
| E. Cut-off for filing of pretrial motions | 30 days before trial date |
| F. Issuance and service of trial subpoenas, if to be grounds for continuance | 10 days before trial date |
| G. Discovery cut-off (except see D above) | 10 days before trial date |
| H. Hearing cut-off | 10 days before trial date |
| I. Pretrial meeting | 10 days before docket sounding or 10 days before pretrial conference, whichever occurs first |
| J. Mediation completed and report filed | Any time prior to docket sounding |
| K. Pretrial statement delivered to Court | At docket sounding or at the pretrial conference, whichever occurs first |
| L. Jury instructions filed with Clerk and delivered to Court | Beginning of trial |

**DONE AND ORDERED** at Key West, Monroe County, Florida, this 1st day of October, 2003.

_____
CIRCUIT JUDGE

I HEREBY CERTIFY that copies of the foregoing order have been forwarded to counsel of record this __ day of October, 2003.

_____
Judicial Assistant

cc:   George J. Blutstein, Esq.
      4700-B Sheridan Street
      Hollywood, Florida 33021

      S. Brandon Dimando, Esq.
      605-B Simonton Street
      Key West, Florida 33040

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,
    Plaintiff,
vs.
CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

    Defendant.

_____/

### NOTICE OF JURY TRIAL

COMES NOW the Plaintiff, by and through her undersigned attorney and states that this cause is now at issue and ready for Jury trial. It is estimated that the trial of this matter will take approximately two (2) days.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this ___ day of September, 2003 to S. BRANDON DIMANDO, ESQ., Assistant City Attorney, 605 B. Simmons St., Key West, FL 33041.

GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

1



IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,
    Plaintiff,
vs.
CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

    Defendant.
_____/

### REPLY TO AFFIRMATIVE DEFENSES

    The Plaintiff, through her undersigned attorney, denies each
and every allegation contained in Affirmative Defenses 1 through
14, and demands strict proof thereof.

    I HEREBY CERTIFY that a true and correct copy of the foregoing
was mailed this ⁀2 day of May, 2003 to S. BRANDON DIMANDO, ESQ.,
Assistant City Attorney, 605 B. Simmons St., Key West, FL 33041.

                              _____
                              GEORGE J. BLUTSTEIN, ESQ.
                              4700-B Sheridan Street
                              Hollywood, Florida 33021
                              (954) 963-9205
                              Fax (954) 985-0941
                              Florida Bar No. 007081

1

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,
     Plaintiff,
vs.
CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.
_____/

### FIRST REQUEST TO PRODUCE

The Plaintiff, through its undersigned attorney, hereby requests the Defendant, CITY OF KEY WEST, to produce the following items, pursuant to Rule 1.350, Florida Rules of Civil Procedure, within thirty (30) days from the date hereof:

1. Any and all manuals relating to use of force engendered by or used by the City of Key West and/or Monroe County, Florida.

2. Any and all arrest reports or incident reports relating to the arrest or detention of the Plaintiff herein.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this  /  day of May, 2003 to S. BRANDON DIMANDO, ESQ., Assistant City Attorney, 605 B. Simmons St., Key West, FL 33041.

_____
GEORGE J. BLUTSTEIN, ESQ.
4700 B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

1

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

RECEIVED
MAY 0 2 2003

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

    Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

    Defendant.

_____/

### NOTICE OF SERVICE OF INTERROGATORIES

The Plaintiff, pursuant to Rule 1.340 and other applicable Rules of the Florida Rules of Civil Procedure, hereby files this Notice of Service of Interrogatories propounded to the Defendant, and states that the original and one copy of said interrogatories and a true and correct copy of the notice of service were served by mailed this _____ day of _____ 2003, to S. BRANDON DIMANDO, ESQ., Assistant City Attorney, 605 B. Simmons St., Key West, FL 33041.

_____
GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

1

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.

_____/

### REPLY TO AFFIRMATIVE DEFENSES

    The Plaintiff, by and through her undersigned attorney, denies each and every allegation contained in affirmative defenses 1 through 14 and demands strict proof thereof.

    I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this / day of May, 2003 to S. BRANDON DIMANDO, ESQ., Assistant City Attorney, 605 B. Simmons St., Key West, FL 33041.

_____
GEORGE J. LBLUTSPEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

RECEIVED
MAR 0 7 2003
By_____

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.

_____/

DATE: _____
TIME: _____
BY: _____

DATE: 3-7-03
TIME: 08°40
BY: _____

## ALIAS SUMMONS

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this summons and a copy of
the complaint or petition in this action on Defendant:

          JIMMY WEAKLEY, Mayor
          City of Key West
          525 Angela St.
          Key West, FL 33040

     Each Defendant is required to serve written defenses to the
complaint or petition on GEORGE J. BLUTSTEIN, Plaintiff's attorney,
whose address is 4700-B Sheridan Street, Hollywood, FL 33021 within
20 days after service of this summons on that defendant, exclusive
of the day of service, and to file the original of the defenses
with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter.  If a defendant fails to do so,
a default will be entered against that defendant for the relief
demanded in the complaint or petition.
     WITNESS my hand and the Seal of said Court.

          As Clerk of said Court

        by:_____
          As Deputy Clerk

1

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
IN AND FOR MONROE COUNTY, FLORIDA CIVIL DIVISION

PATRICIA KLIEN, f/k/a
PATRICIA LAUFER

      Plaintiff,

vs.                         CASE NO. CA-K-02-1407

CITY OF KEY WEST, a
Florida municipal corporation,
& JOHN DOE, Police Officer of
the City of Key West

      Defendant.

_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND MOTION TO STRIKE

Defendant, THE CITY OF KEY WEST, by and through undersigned counsel,

hereby answers the complaint and enters its affirmative defenses thereto, as follows:

### ANSWER

1.      As to the allegations in paragraph 1, Defendant admits the allegations.

2.      As to the allegations in paragraph 2, it states a principal of law that cannot

be admitted or denied.

3.      As to the allegations in paragraph 3, Defendant denies the allegations.

4.      As to the allegations in Paragraph 4, Defendant is without knowledge and

therefore denies.

5.      As to the allegations in paragraph 5, Defendant denies the allegations.

6.      As to the allegations in paragraph 6, Defendant denies the allegations.

7.      As to the allegations in paragraph 7, Defendant is without knowledge and therefore denies.

8.      As to the allegations in paragraph 8, Defendant denies the allegations.

9.      As to the allegations in paragraph 9, Defendant is without knowledge and therefore denies.

10.     As to the allegations in paragraph 10, Defendant is without knowledge and therefore denies.

11.     As to the allegations in paragraph 11, Defendant denies the allegations.

12.     As to the allegations in paragraph 12, Defendant denies the allegations.

13.     As to the allegations in paragraph 13, Defendant denies the allegations.

14.     As to the allegations in paragraph 14, Defendant denies the allegations.

15.     As to the allegations in paragraph 15, Defendant denies the allegations.

16.     As to the allegations in paragraph 16, Defendant denies the allegations.

17.     As to the allegations in paragraph 17, Defendant denies the allegations.

18.     As to the allegations in paragraph 18, Defendant denies the allegations.

19.     As to the allegations in paragraph 19, Defendant denies the allegations.

## **AFFIRMATIVE DEFENSES**

1.      The Plaintiff has failed to state a cause of action and/or a claim where relief may be granted.

2.      This action is barred by the doctrine of sovereign immunity.

3.      This action is barred by Florida Statute § 768.28 in general and because the claim letter is not directed to the proper party and is legally and factually insufficient.

4.      With regard to count one, as for the Plaintiff seeking a claim against the City of Key West under §1983, this action is barred under the doctrine as stated in Monell v. Dep't of Soc. Servs., 463 U.S. 658, 98 S.Ct. 2018.

5.      With regard to count one, the claims against the officer is barred by the doctrine of qualified immunity.

6.      With regard to claims against the City of Key West, Florida Statute § 768.28 prohibits liability alleged to be willful and wanton.

7.      To the extent any force was used it was reasonable, necessary and privileged according to Florida law.

8.      Florida Statute § 397.775 bars this action by providing immunity for actions taken under Chapter 397 Florida Statutes.

9.      Plaintiff's own negligence was the sole legal cause, or was a contributing cause, to her alleged damages.  Plaintiff's damages, if any, are therefore barred or subject to reduction pursuant to the doctrine of comparative negligence.

10.     Defendant is entitled to a reduction or set-off for any collateral source benefits paid or payable to the Plaintiff.

11.     The provisions of the tort reform act of 1986 limit any recovery sought by the Plaintiff.

12.     Plaintiff's alleged injuries were caused by the acts of third persons not in the care, custody or control of the Defendant City of Key West; therefore Plaintiff's recovery from the Defendant is barred.

13.     Unforeseeable actions of third parties not in the care, custody or control of the Defendant City of Key West intervened and superceded the Defendant's alleged negligence.

14.     The negligence of other unnamed third parties was the sole legal cause, or was a contributing cause, of Plaintiff's alleged damages and should be compared to the negligence, if any, of the City of Key West in determining the proportionate amount of damages owed by the City of Key West pursuant to the doctrine set forth in <u>Fabre v. Marin,</u> 623 So. 2d 1182 (Fla. 1993).

<u>**MOTION TO STRIKE**</u>

Defendant, City of Key West moves to Strike the "John Doe" defendant and as grounds state:

15.     This motion is made pursuant to Florida Rule of Civil Procedure 1.140(f).

16.     Under Florida law a "John Doe" defendant is not allowed.  Parties have to be named, except as otherwise authorized by statute.  No such exception is applicable to this case. *See* <u>Grantham v. Blount, Inc., 683 So.2d 538 (2 D.C.A. 1996); Gilliam v. Smart, 809 So.2d 905 (1 D.C.A. 2002)</u>

ACCORDINGLY, any reference to "John Doe" should be stricken from the pleadings.

WHEREFORE, Defendant City of Key West respectfully requests that this Court dismiss the Complaint filed herein, award attorney's fees and costs in the defense of this action, and Order any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

The Defendant City of Key West demands trial by jury in this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing furnished by U.S. Mail to George J. Blutstein, Plaintiff's Attorney, 4700-B Sheridan Street, Hollywood, FL 33021, this 29TH day of April, 2003.

Respectfully Submitted
By Counsel,

S. BRANDON DIMANDO
Assistant City Attorney
for CITY OF KEY WEST
605 B Simonton Street
Key West, Florida 33041-1409
(305) 292-8110
FBN: 0159281

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.

_____/

**ALIAS SUMMONS**

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of
the complaint or petition in this action on Defendant:

            JIMMY WEAKLEY, Mayor
            City of Key West
            525 Angela St.
            Key West, FL 33040

    Each Defendant is required to serve written defenses to the
complaint or petition on GEORGE J. BLUTSTEIN, Plaintiff's attorney,
whose address is 4700-B Sheridan Street, Hollywood, FL 33021 within
20 days after service of this summons on that defendant, exclusive
of the day of service, and to file the original of the defenses
with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter.  If a defendant fails to do so,
a default will be entered against that defendant for the relief
demanded in the complaint or petition.

    WITNESS my hand and the Seal of said Court.

        As Clerk of said Court

    by:_____
         As Deputy Clerk

JAY Ewen  for mgr weekly
3 7 03                 08 4/0

6918 Bull Bent

SUSAN Solaies

12 9 02                    09 30

0918

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CA· K·02-1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

    Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

    Defendant.

_____/

**SUMMONS**

THE STATE OF FLORIDA

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of
the complaint or petition in this action on Defendant:

                GORDON DILLON, Chief of Police
                   City of Key West
                    525 Angela St.
                 Key West, FL 33040

    Each Defendant is required to serve written defenses to the
complaint or petition on GEORGE J. BLUTSTEIN, Plaintiff's attorney,
whose address is 4700-B Sheridan Street, Hollywood, FL 33021 within
20 days after service of this summons on that defendant, exclusive
of the day of service, and to file the original of the defenses
with the clerk of this court either before service on plaintiff's
attorney or immediately thereafter.  If a defendant fails to do so,
a default will be entered against that defendant for the relief
demanded in the complaint or petition.
    WITNESS my hand and the Seal of said Court.

                As Clerk of said Court

        by: _____
            As Deputy Clerk

                 1

IN THE CIRCUIT COURT OF THE 16TH
JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: CAK 02 – 1407

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,

     Plaintiff,

vs.

CITY OF KEY WEST, a Florida
municipal corporation, & JOHN
DOE, Police Officer of the
City of Key West,

     Defendant.
_____/

## COMPLAINT

The Plaintiff, complaining of the Defendant, alleges as follows:

1. This is an action for damages against the City of Key West and a police officer of said City for acts occurring during the course of and scope of his employment as police officer for said City, for committing acts under color of law, which deprived the Plaintiff of rights secured under the Constitution, laws of the United States and State of Florida. It is alleged that the Defendant police officer, John Doe, whose name is at present unknown, unlawfully caused the arrest and detention of the Plaintiff, in violation of her Constitutional rights, and that said Defendant police officer used excessive and unreasonable force during the arrest, and that the Defendant, City of Key West, is liable for common law battery/excessive force and false

1

arrest/false imprisonment.

2. This is an action brought under 42 USC Sec. 1983 and Sec. 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. The Plaintiff has fully complied with all conditions precedent to this action, particularly those mandated by provisions of 768.28 of the Florida Statutes, a copy of Plaintiff's Notice of Claim attached hereto as Plaintiff's Exhibit "A".

4. On/or about January 6, 2001, the Plaintiff was residing in the City of Key West, County of Monroe, State of Florida.

5. On that date and in that place, the Plaintiff removed all or substantially all of her clothing and within five (5) minutes thereof, the unknown police officer of the City of Key West appeared, placing her in the back seat of his cruiser without handcuffs.

6. The Plaintiff was then transported to the old jail, whereupon this police officer yanked her from behind, threw her to the ground, breaking her nose and doing damage to some newly capped teeth, in addition to the Plaintiff sustaining bumps, bruises, scrapes and contusions.

7. Thereafter, Plaintiff was taken to the Monroe County Jail, put into a cell, not permitted a phone call, and placed in restraints for hours on end.

8. Upon the Plaintiff requesting permission to relieve herself, said permission was denied by the arresting officers.

9. At no time was the Plaintiff booked or charged with a

criminal offense, although she was clearly kept under restraints, arrested, and not permitted to leave the premises of the County Jail.

10.    At/or about 1:30 a.m. the following day, she was released, without having been charged or booked, and was compelled to walk home three (3) miles.

11.    By reason of the acts of this police officer, Plaintiff suffered injury to her head, body and limbs, some of which are continuing and of a permanent nature.

COUNT I

12.    The Defendant police officer caused the Plaintiff physical injury and arrest and detention in the absence of probable cause.

13.    The conduct of said Defendant towards the Plaintiff was objectively unreasonable and violated Plaintiff's clearly established rights under the 4th and 14th Amendments and 42USC Sec. 1983.

14.    As a direct and proximate result of the acts described, Plaintiff has suffered grievous injury and suffered great humiliation, mental suffering and damaged her reputation.

15.    In addition, she has suffered physical pain, disability, mental anguish, and loss of enjoyment of life, all in violation of Plaintiff's civil rights.

WHEREFORE, Plaintiff demands Judgment for compensatory damages in excess of $15,000.00, punitive damages, reasonable attorney's fees pursuant to 42USC 1988 and a trial by jury as to all issues so

3

triable.

## COUNT II- BATTERY/EXCESSIVE FORCE

16.   During the course of Plaintiff's arrest, the Defendant officer intentionally, unnecessarily and without legal justification, continued to beat and damage the Plaintiff's body and limbs.

17.   The force used by said Defendant was unreasonable and unnecessary.

18.   As a result of the conduct of said officer, Plaintiff's body was injured and she was forced to obtain medical care and treatment.

19.   The battery/excessive force used by the Defendant against the Plaintiff occurred during the course and scope of his employment as a police officer for the City of Key West.

WHEREFORE, Plaintiff prays for Judgment for compensatory damages in excess of $15,000.00, and trial by jury of all issues so triable.

GEORGE J. BLUTSTEIN, ESQ.
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941
Florida Bar No. 007081

4

Thank you for using Return Receipt Service.

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

Chief of Police
Key West P.D.
525 Angela St.
Key West, FL 33040

4a. Article Number

4b. Service Type
- ☐ Registered    ☐ Insured
- ☒ Certified     ☐ COD
- ☐ Express Mail  ☐ Return Receipt for Merchandise

7. Date of Delivery

8. Addressee's Address (Only if requested and fee is paid)

5. Signature (Addressee)

**TURN ADDRESS completed on the reverse side?**

**GEORGE J. BLUTSTEIN**
Attorney at Law
4700-B Sheridan Street
Hollywood, Florida 33021
(954) 963-9205
Fax (954) 985-0941

November 5, 2001

VIA CERTIFIED MAIL

Chief of Police
Key West Police Dept.
525 Angela St.
Key West, FL 33040

<u>NOTICE OF CLAIM PURSUANT TO S.S.768.28</u>

Re:  Claimant:          Patricia Laufer
     Date of Loss:       January 6, 2001

Dear Sir:

Please be advised that I represent Patricia Laufer, and do hereby service notice of claim pursuant to the requirements of S.S.768.28 of the Florida Statutes.

Patricia Laufer was born on December 3, 1953 and at the present time, resides in the City of Terra Haute, Indiana.  Ms. Laufer has no prior adjudicated unpaid claims in excess of Two Hundred ($200.00) dollars owed to the State, or any of its agencies, officers or subdivisions.

<u>Statement of Claim</u>

Patricia Laufer is 48 years old and resides at the present time in Terra Haute, Indiana.  At the time of the incident herein, the Claimant was residing in the City of Key West, Florida.  At that time and at that place, Ms. Laufer removed some or all of her clothes and within five (5) minutes, a police officer of the City of Key West, appeared and put her in the back seat without handcuffs.  At no time were any rights read to her, although she was clearly under arrest at that point.  She then proceeded to put her clothes on and was taken to the old jail, whereupon she was yanked from behind by the police officer and thrown to the ground. Her nose was broken, some newly capped teeth were broken and bumps, bruises and scrapes were easily apparent.  Thereafter, she was taken to the Monroe County Jail, shoved inside her cell, was not permitted a phone call, and proceeded to be put into restrains for hours.

Chief of Police
Key West Police Dept.
November 5, 2001
Page 2


Upon being asked to relieve herself in the bathroom, the officers responded "piss on yourself."

At 1:30 a.m., Ms. Laufer was released, was never charged or booked, and was to walk home three (3) miles.

The arrest and detention of this claimant was unlawful and in violation of her clearly established Constitutional rights. Claimant's courses of action include, but are not limited to, civil rights and state tort claims for false arrest, false imprisonment, malicious prosecution, and excessive use of force by both officers under 52USC Section 1983.   Claimant's damages are in excess of $50,000.00.


Very truly yours,


GEORGE J. BLUTSTEIN


GJB/mb

EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PATRICIA KLEIN, f/k/a/
PATRICIA LAUFER,                                  CASE NO.: _____
         Plaintiff,                        Magistrate Judge:_____

vs.

CITY OF KEY WEST, et al.,
         Defendants
_____/

### CITY OF KEY WEST'S CONSENT TO REMOVAL

     DEFENDANT, THE CITY OF KEY WEST, FLORIDA, through counsel, hereby

enters it consent and agreement to the removal of this case from the Circuit Court of the

Sixteenth Judicial Circuit of the State of Florida, to the United States District Court, effected by

the SHERIFF OF MONROE COUNTY in the above styled action.

                _____
                David J. Audlin, Jr.
                Counsel for the City of Key West
                415 Eaton Street
                Key West, FL 33040
                Tel. (305) 294-3002
                Fax (305) 294-0943
                Fla. Bar No. 434132

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that a true and correct copy of the  foregoing was furnished by
facsimile and/or U.S. Mail to George J. Blutstein, Esq., Attorney for Plaintiff, at 4700-B
Sheridan Street, Hollywood, Florida 33021, and Michael J. Stephenson, Attorney for the Sheriff
of Monroe County on this 27th day of December, 2004.

                _____
                Matilda Taylor

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-10131-CIV-KING**

MAGISTRATE JUDGE
O'SULLIVAN

**I (a) PLAINTIFFS**

Patricia Klein, f/k/a
Patricia Laufer

**DEFENDANTS**

City of Key West, a Florida municipal corporation
John Doe, Police Officer of the City of Key West
Sheriff of and County of Monroe, State of
Florida

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Monroe
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
George J. Blutstein, Esq., 4700-B Sheridan Street, Hollywood, FL 33021 954-963-9205

ATTORNEYS (IF KNOWN)
Michael J. Stephenson, Esq., 2455 E. Sunrise Blvd, #1216, Ft. Laud., Fla.
David Audlin, Esq., 415 Eaton St., Key West, Fla 33040

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Section 1983

**IVa.** 4-5 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | PERSONAL INJURY | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 362 Personal Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Products Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * A or B * | | | * A or B |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. Original Proceeding
- ☒ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment
- ☐ 5. Transferred from another district (specify)

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A
☐ UNDER F.R.C.P. 23
CLASS ACTION

DEMAND $
☒ Check YES only if demanded in complaint.
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
Klein v. City of Key West, et al., Mark Jones

Case No. CAK 02-1407
DOCKET NUMBER

DATE 12/30/04

SIGNATURE OF ATTORNEY OF RECORD
Michael J. Stephenson, Esq.
Attorney for Defendant Roth

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 532812
Date Paid: _____
Amount: $150
M/fp: _____